PATRICIA TINDOL[1] & another[2] *vs.* BOSTON HOUSING
AUTHORITY & others.[3]

Suffolk.   December 2, 1985. — January 15, 1986.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & NOLAN, JJ.

*Limitations, Statute of. Repose, Statute of. Practice, Civil,* Amendment.

General Laws c. 260, § 7, tolling the period of limitations for persons under
    certain disabilities when a right to bring an action first accrues, is not
    applicable to G. L. c. 260, § 2B, a statute of repose placing a six-year
    time limit on the tort liability of architects, engineers, and building
    contractors, and does not permit a minor plaintiff to bring such an action
    after the six-year period has run. [517-518]
In an action by a minor plaintiff and her mother seeking damages resulting
    from the minor plaintiff's being severely burned by excessively hot water
    furnished to a bathtub in the plaintiffs' apartment, an amended complaint
    adding as defendants an engineering firm and an architectural firm did
    not have the effect of making these defendants parties to the action from
    the date of the original complaint so as to overcome the bar of G. L.
    c. 260, § 2B, a statute of repose limiting the time within which an action
    against them might have been brought. [518-519]

CIVIL ACTION commenced in the Superior Court Department
on January 16, 1979.

A motion to amend the complaint was heard by *John M.
Xifaras,* J., sitting under statutory authority.

An interlocutory appeal was allowed in the Appeals Court
by *Rudolph Kass,* J.

The Supreme Judicial Court granted a request for direct
appellate review.

---

[1] By her mother and next friend, Laura Clarke.

[2] The minor's mother, Laura Clarke.

[3] City of Boston; J. T. Scully Construction Corp.; Boston Edison Com-
pany; J. A. Sullivan Corporation; M. J. Flaherty Company; Whitney, At-
wood, Norcross Associates, Inc.; and Borek Associates, Inc.

*David J. Hatem* for Whitney, Atwood, Norcross Associates, Inc. & another.

*James F. Freeley, Jr. (Philip E. Cleary* with him) for the plaintiffs. ·

NOLAN, J. On December 23, 1976, the minor plaintiff was severely burned by excessively hot water furnished to a bathtub in an apartment in a housing development owned by the Boston Housing Authority (BHA). On January 16, 1979, the minor (born June 26, 1972) and her mother commenced this action.

The plaintiffs on November 23, 1984, filed a motion to amend by adding as defendants the architects and engineers on an adjoining project, a school. The plaintiffs have settled their claims against the original defendants, the BHA and all other defendants with the exception of the city of Boston and J. T. Scully Construction Corp. (they play no part in this appeal). The motion to add as defendants, Whitney, Atwood, Norcross Associates, Inc. (WAN), architects, and Borek Associates, Inc. (Borek), mechanical engineers, alleges their negligence "in constructing, designing, installing, and maintaining the defective hot water system" with resultant injury to the plaintiffs. The motion was allowed on January 23, 1985. The sole issue is the correctness of the allowance of this motion. We hold that it was error to allow the motion.

General Laws c. 260, § 2B (1984 ed.), provides in part that "[a]ctions of tort for damages arising out of any deficiency or neglect in the design, planning, construction or general administration of an improvement to real property shall be commenced only within three years next after the cause of action accrues; provided, however, that in no event shall such actions be commenced more than six years after the performance or furnishing of such design, planning, construction or general administration." The construction of the school was commenced in 1974 and was completed in March, 1977. Though the action was commenced within three years after the cause of action accrued, the motion to add WAN and Borek was filed more than six years after the construction was completed. The plaintiffs argue that their action against WAN and Borek should not be barred. They argue that their claim is alive on

two grounds: (1) the minority of the plaintiff operates to toll § 2B; and (2) the motion to add WAN and Borek "relates back" to the date of original entry of the action, which was within three years of the injury and within six years of the completion of construction. We shall treat them in this order.

1. *Tolling of the statute.* By statute, if a person is a minor when a right to bring an action first accrues, the action may be commenced within the time limited in the appropriate statute of limitations reckoned from the time that the minor reaches legal age. G. L. c. 260, § 7 (1984 ed.). The plaintiffs argue that this statute tolls the running of § 2B and permits their action against WAN and Borek. They are mistaken as to the effect of § 2B. We dealt rather exhaustively with § 2B in *Klein v. Catalano,* 386 Mass. 701 (1982), wherein we took pains to distinguish § 2B, a statute of repose, from a statute of limitations.[4] The court spoke to this issue as follows: "This case raises the issue of the application and constitutionality of G. L. c. 260, § 2B, a statute that places a time limit on the liability of architects and contractors. General Laws c. 260, § 2B, is not a statute of limitations but a statute of repose. A statute of limitations normally governs the time within which legal proceedings must be commenced after the cause of action accrues. See, e.g., *Franklin v. Albert,* 381 Mass. 611, 618-619 (1980). A statute of repose, however, limits the time within which an action may be brought and is not related to the accrual of any cause of action. The injury need not have occurred, much less have been discovered. See, e.g., *Rosenberg v. North Bergen,* 61 N.J. 190, 199-200 (1972). As a statute of repose, G. L. c. 260, § 2B, precludes recovery against those within the protection of the statute for any injury which occurs more than six years after the performance or furnishing of the design, planning, construction, or general administration of an improvement to real property." *Klein v. Catalano, supra* at 702.

---

[4] We recognize that part of § 2B is a statute of limitations, i.e., that part which provides that an action of tort for damages arising out of any "deficiency or neglect in the design . . . . of an improvement to real property shall be commenced only within three years next after the cause of action accrues." However, this part is not the problem in the instant case.

*Klein* continues on to say that though § 2B is phrased in language similar to a statute of limitations, its effect is to abolish the remedy and not merely to bar the action. *Klein, supra* at 702-703 n.3. The tolling statute, however, affects only a statute of limitations. Whatever claims the plaintiffs might have had against WAN and Borek, those claims were unenforceable in March, 1983, six years from the project's completion. Hence, when the plaintiffs sought to add WAN and Borek there existed no viable claim.

This result is entirely consistent with the legislative intent to limit the duration of the liability of architects and engineers. *Klein* v. *Catalano, supra* at 709. Fairness demands that a defendant at some time should be secure in the knowledge that the "slate has been wiped clean." *Id.,* quoting *Rosenberg* v. *North Bergen, supra* at 201.

There is support for our conclusion in other jurisdictions which have a statute of repose similar to § 2B. See *O'Connor* v. *Altus,* 67 N.J. 106 (1975); *Howell* v. *Burk,* 90 N.M. 688 (1977); *Mahathy* v. *Ingram,* 584 S.W.2d 521 (Tex. Civ. App. 1979).

2. *"Relation back."* The plaintiffs argue that this motion to add WAN and Borek should "relate back" to the day of filing the complaint. They seek to invoke Mass. R. Civ. P. 15 (c), 365 Mass. 761 (1974), which provides: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment (including an amendment changing a party) relates back to the original pleading." They argue that the "relation back" concept was accepted in Masachusetts even before the enactment of the Massachusetts Rules of Civil Procedure. They cite *Wadsworth* v. *Boston Gas Co.,* 352 Mass. 86, 88-89 (1967), in which this court approved the addition of the Boston Gas Company as a defendant at a time when an original action against Boston Gas Company would have been barred by the statute of limitations. The theory of "relation back" on which the court premised its holding in *Wadsworth,* the plaintiffs argue, was codified by rule 15 (c). As far as the argument goes, it appears

to be correct. However, *Wadsworth* and the other cases cited by the plaintiffs uniformly dealt with the doctrine of "relation back" as it is affected by a statute of limitations. The present case, as we have noted, implicates a statute of repose which is of an entirely different legal genre.

Quite recently, the Appeals Court addressed this precise question of the interplay between § 2B and rule 15 (c) (though without a minor in the picture) in *James Ferrera & Sons* v. *Samuels,* 21 Mass. App. Ct. 170 (1985). Drawing heavily on *Klein,* that court noted "a marked difference between a statute of limitations and a statute of repose, a difference that is important in our resolution of the issue." *Id.* at 173. Before concluding that rule 15 (c) would not permit the addition of a defendant after the period of the statute of repose had expired, that court said that "[t]he bar of a statute of repose is absolute, whereas the bar of a statute of limitations is conditional." *Id.* It concluded its treatment of the issue by observing that an application of the "relation back" doctrine "would have the effect of reactivating a cause of action that the Legislature obviously intended to eliminate." *Id.* We agree.

3. *Conclusion.* We hold that it was error to allow the plaintiffs' motion to add WAN and Borek at a time when the statute of repose had eliminated the plaintiffs' claim. The order allowing the plaintiffs to add WAN and Borek as parties is reversed.

*So ordered.*