Louis E. Casco, Third *vs.* Warley Electric Company, Inc.

No. 93-P-214.

Middlesex. October 7, 1994. - December 9, 1994.

Present: Fine, Kaplan, & Ireland, JJ.

*Repose, Statute of. Negligence*, Construction work, Statute of repose. *Statute*, Construction.

General Laws c. 231, § 51, as appearing in St. 1988, c. 141, § 1, providing for relation back of an amendment to a complaint to the date of the original complaint, did not operate to reactivate a cause of action barred by the statute of repose, G. L. c. 260, § 2B. [702-704]

Civil action commenced in the Superior Court Department on April 24, 1986.

The case was tried before *Richard G. Stearns*, J.

*Robert A. Curley, Jr.*, for the defendant.

*Peter T. Toland* for the plaintiff.

*Acheson H. Callaghan, Jr., Steven L. Schreckinger & Jordana B. Glasgow*, for Massachusetts Medical Professional Insurance Association & another, amici curiae, submitted a brief.

Fine, J. On September 21, 1985, the plaintiff, Louis E. Casco, was injured when he received a shock while working on an electrical junction box on the fourth floor of a building in Cambridge. He brought this tort action for personal injuries in 1986 against various parties, including Interpac, Inc. (Interpac), a general contractor hired in 1983 by the fourth floor tenant to do certain construction work in connection with a subdivision of its space. Also in 1986, Interpac filed a third-party complaint against the defendant, Warley Electric Company (Warley), with whom Interpac had subcontracted to perform some electrical work on the project. In 1991,

Casco was given leave to amend his complaint to name Warley as a direct defendant. Among other defenses relied on in its answer, Warley raised the statute of repose, G. L. c. 260, § 2B. Casco's case against Warley as the sole defendant was tried to a jury which found in Casco's favor, and judgment was entered accordingly. We agree with Warley that its motion for judgment notwithstanding the verdict should have been allowed because Casco's direct claim against Warley was barred by the statute of repose.

General Laws c. 260, § 2B, as appearing in St. 1984, c. 484, § 53, provides that no actions of tort "arising out of any deficiency or neglect in the design, planning, construction or general administration of an improvement to real property" shall be commenced "more than six years after the earlier of the dates of: (1) the opening of the improvement to use; or (2) substantial completion of the improvement and the taking of possession for occupancy by the owner." "Simply put, after six years the statute completely eliminates a cause of action against certain persons in the construction industry." *Klein* v. *Catalano*, 386 Mass. 701, 702 (1982).[1] See *Conley* v. *Scott Prod., Inc.*, 401 Mass. 645, 646 (1988).

Warley's work was completed more than six years before Casco sued it directly, and Warley acknowledges that the work it performed falls within the scope of the statute. See *Parent* v. *Stone & Webster Engr. Corp.*, 408 Mass. 108, 111 (1990). Casco claims, however, that under G. L. c. 231, § 51, as appearing in St. 1988, c. 141, § 1, the 1991 direct complaint against Warley relates back to the date of the original complaint in 1986 not only for purposes of the statute of limitations but also the statute of repose.

The 1988 version of G. L. c. 231, § 51, on which Casco relies, provides:

> "In all civil proceedings, the court may at any time, allow amendments adding a party, discontinuing as to a party or changing the form of the action, and may allow

---

[1]This six-year bar to action existed in the pre-1984 version of G. L. c. 260, § 2B, in effect at the time *Klein* v. *Catalano* was decided.

any other amendment in matter of form or substance in any process, pleading or proceeding, which may enable the plaintiff to sustain the action for the cause or for recovery for the injury for which the action was intended to be brought, or enable the defendant to make a legal defense. Any amendment allowed pursuant to this section or pursuant to the Massachusetts Rules of Civil Procedure shall relate to the original pleading."

Prior to the 1988 revision, the statute made no mention of relation back. Also, unlike the 1988 version, which applies to amendments seeking recovery for the injury for which the action was originally brought, the earlier version did not apply to amendments unless they were "for the [same] cause" as originally intended.

In *Wood* v. *Jaeger-Sykes, Inc.*, 27 Mass. App. Ct. 199, 200-201 (1989), we discussed the purpose of the 1988 amendment. We said: "Given both the timing and the wording of the enactment, it is obvious that the Legislature's intent was to overrule *Bengar*." "In *Bengar* v. *Clark Equip. Co.*, 401 Mass. 554, decided on January 19, 1988, the court held that an amendment should be denied which, after the period of limitations, proposed to add a party and to assert against that party a theory of liability different from that asserted in the pleading to be amended." *Christopher* v. *Duffy*, 28 Mass. App. Ct. 780, 782 n.6 (1990). Thus, as we understood the 1988 amendment to G. L. c. 231, § 51, it had the effect of broadening the class of amendments to complaints which could be brought at any time and assuring that amendments properly brought would relate back to the date of the original complaint. The issue before us is whether the relating back language in the 1988 amendment refers to the statute of repose as well as statutes of limitation.

Before the 1988 amendment, the statute of repose and statutes of limitations were treated differently for purposes of the doctrine of relation back. Because a statute of repose completely eliminated claims within its scope after six years, *Klein* v. *Catalano*, 386 Mass. at 702-703 n.3, an amendment otherwise barred by the statute of repose did not, by virtue of

the relation back rule, reactivate a cause of action the Legislature intended to eliminate. See *Tindol* v. *Boston Hous. Authy.*, 396 Mass. 515 (1986); *James Ferrara & Sons* v. *Samuels*, 21 Mass. App. Ct. 170, 173 (1985).[2]

Nothing in the relevant history or the wording of the 1988 amendment to G. L. c. 231, § 51, indicates an intention on the part of the Legislature to change well-established doctrine by broadening the relation back doctrine to include claims otherwise barred by the statute of repose. Compare *Cook* v. *Hanover Ins. Co.*, 32 Mass. App. Ct. 555, 560 (1992) Thus, we conclude that Casco's direct claim against Warley could not be brought more than six years after the completion of its work in 1983. See *Saveall* v. *Adams*, 36 Mass. App. Ct. 349, 351 (1994). It makes no difference that Warley was already a third-party defendant when it was sued by Casco. As the pleadings stood at the expiration of six years from the time it completed its work, Warley could only have been held liable to Interpac if Interpac had been held liable to Casco. The claim against Interpac, however, was dismissed by stipulation of the parties in 1993 and, thus, was not pursued at trial.

Accordingly, we order that the judgment in favor of Casco be vacated and that judgment be entered in favor of Warley.

*So ordered.*

---

[2]The relation back language was, and still is, contained in Mass.R.Civ.P. 15(c), 365 Mass. 762 (1974).