Fecteau, J.
Plaintiffs brought this action to recover damages for injuries sustained by plaintiff, Jeffrey Curtis (“Curtis”), after falling from scaffolding utilized during the construction of a Wal-Mart store in Belling-ham, Massachusetts. Defendant, R.W. Granger & Sons, Inc. (“R.W. Granger”), now moves for summary judgment on Curtis’s G.L.c. 93A claim (Count XVI) on the ground that it is barred by the statute of repose, G.L.c. 260, §2B, because it was filed more than three years after the c. 93A cause of action accrued. For the reasons set forth below, R.W. Granger’s motion for summary judgment as to Count XVI is denied.
BACKGROUND
The following facts are undisputed. On August 31, 1992, while working for his employer, Keohan Masonry Corp., a subcontractor, Curtis fell from scaffolding utilized in the construction of a Wal-Mart store and, thus, suffered injuries. R.W. Granger was the general contractor at the construction site where Curtis was injured.
On September 2, 1992, Patrick Griffin, a Compliance Safety and Health Officer of the Occupational Health and Safety Administration (“OSHA”), filed a report against R.W. Granger. In a letter dated June 28, 1993, plaintiffs’ counsel, Michael M. Kaplan (“Kaplan”), informed R.W. Granger that he had received the OSHA report “which indicated] that R.W. Granger & Sons was notified on 8/25/92, one week prior to the injury!,] by their own insurer that they were in violation of not having a safe access to the scaffolding, not capping the rebar and having inadequate railings on the scaffolding to prevent employees from failing.” Kaplan charged R.W. Granger with failing to correct those violations after having received actual notice.
*189 On August 30, 1995, plaintiffs filed their complaint. Subsequently, on February 18, 1997, Kaplan forwarded a G.L.c. 93A demand letter to R.W. Granger. The Court thereafter allowed plaintiffs’ motion to amend their complaint; and, on February 2, 1998,[3] plaintiffs filed an amended complaint to include a claim for violations of c. 93A.
DISCUSSION
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). With respect to any claim on which the moving party does not have the burden of proof at trial, the movant may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial." Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion . . .’’ Pederson 404 Mass. at 17.
The statute of repose, G.L.c. 260, §2B, provides, in relevant part:
Action of tort for damages arising out of any deficiency or neglect in the design, planning, construction or general administration of an improvement to real property . .. shall be commenced only within three years next after the cause of action accrues; provided, however, that in no event shall such actions be commenced more than six years after the earlier of the dates of: (1) the opening of the improvement to use; or (2) substantial completion of the improvement and the taking of possession for occupancy by the owner.
Relying on the first clause of c. 260, §2B, R.W. Granger argues that Curtis’s c. 93A claim is barred, because plaintiffs filed their amended complaint more than three years after their c. 93A cause of action accrued. R.W. Granger suggests that Curtis’s c. 93A cause of action accrued on June 28, 1993 and that, therefore, Curtis’s c. 93A claim was filed (on February 2, 1998) subsequent to the three year window available to Curtis.
R.W. Granger correctly argues that the “relation back” doctrine does not include claims that are otherwise barred by the statute of repose. See Casco v. Warley Elec. Co. 37 Mass.App.Ct. 701, 703-04 (1994), rev. denied 419 Mass. 1106 (1995). However, contrary to R.W. Granger’s contention, the first clause of §2B is a statute of limitations,[4] Tindol v. Boston Housing Authority, 396 Mass. 515, 517 n.4 (1986), and the “relation back” doctrine[5] applies to claims which ordinarily would be barred by the statute of limitations. Casco, 37 Mass.App.Ct. at 703-04 (statute of limitations and statute of repose treated differently for purposes of the “relation back” doctrine).
The parties do not dispute that Curtis’s c. 93A claim found in the amended complaint “relates back” to the date of the original complaint for the purpose of calculating the three year statute of limitations period in G.L.c. 260, §2A.[6] Thus, Curtis’s c. 93A claim is not barred by §2A as plaintiffs filed their original complaint (on August 30, 1995) within three years of Curtis’s August 31, 1992 accident. Similarly, since the first clause of §2B is considered a statute of limitations, Tindol, 396 Mass. at 517 n.4, and, thus, is subject to the “relation back” doctrine, and contains the same statutory three year period within which to file a tort action as found in §2A, Curtis’s c. 93A claim is not barred by the first clause of §2B.
The second clause of §2B constitutes the statute of repose, which is not subject to the “relation back” doctrine. See id. However, no “relation back” is necessary for Curtis’s c. 93A claim to survive the statute of repose’s bar. R.W. Granger does not dispute that plaintiffs filed their amended complaint within six years of the opening of the Wal-Mart at issue, the taking of possession of the Wal-Mart by its owners, or the completion of the Wal-Mart. Therefore, Curtis’s c. 93A claim is not barred by the second clause of §2B, the statute of repose.
The cases on which R.W. Granger relies are inapplicable to the instant case as they involve instances in which the plaintiff failed to file an original complaint within three years of the cause of action accruing, see, e.g., Regish v. Russel, 1993 Mass.App.Div. 126, or failed to file a motion to amend within six years of the completion of construction. See, e.g., Tindol, 396 Mass. 515; Casco, 37 Mass.App.Ct. 701. In the instant case, plaintiffs lodged their original complaint (on August 30, 1995) within three years of their tort claims accruing (on August 31, 1992); and R.W. Granger does not contend that plaintiffs failed to file their motion to amend their complaint and their amended complaint within six years of completion of the Wal-Mart, the taking of possession by Wal-Mart Stores, Inc., or the opening of the Wal-Mart.
Accordingly, G.L.c. 260, §2B does not bar Curtis’s c. 93A claim.
ORDER
It is hereby ORDERED that R.W. Granger’s Motion for Summary judgment as to Count XVI is DENIED.

 R.W. Granger, in its motion papers, incorrectly stated that plaintiffs filed their amended complaint on January 29, 1998. Plaintiffs filed an amended complaint on January 16, 1998; however, that amended complaint mistakenly included ITT Hartford Insurance Group as a defendant, which plaintiffs had specifically withdrawn from their proposed amended complaint during oral argument on January 16, 1998. Plaintiffs, on February 2, 1998, filed another amended complaint, which correctly excluded ITT Hartford Insurance Group as a defendant. This Court will therefore analyze the instant motion utilizing the corrected amended complaint dated February 2, 1998. The Court notes that the analysis of this motion remains unchanged regardless of whether the amended complaint is dated January 16, 1998 or February 2, 1998.

Although the first clause of G.L.c. 260, §2B is essentially the same as the statute of limitations in G.L.c. 260, §2A, it does not render §2A meaningless as R.W. Granger contends. Section 2B is primarily a statute of repose, specifically the language regarding six years from the date of opening or substantial completion. It appears that the legislature restated the statute of limitations in the first clause of §2B to clarify that the three year statute of limitations still applies to tort actions arising from improvements to real property and that such tort actions are also subject to the six year statute of repose.

The “relation back” doctrine with regard to amendments can be found in Mass.R.Civ.P. 15(c) and G.L.c. 231, §51.

G.L.c. 260, §2A provides that “(AJctions of tort . . . shall be commenced only within three years next after the cause of action accrues.”