Gelinas, J.
Defendants Dean S. and Stephanie S. Schwartz (the Schwartzs) purchased a new home at 14 Buckhill Road, Northborough, Massachusetts from defendant LeFrancois Construction Corporation (LeFrancois) by deed recorded December 14, 1995. At the time of transfer LeFrancois owed $26,103.98 to plaintiff National Lumber Company (National) and that debt has not been satisfied. National claims that the transfer of the property was subject to a valid mechanic’s lien enforceable against the Schwartzs. On motion for judgement on the pleadings brought by the Schwartzs the trial judge made extensive findings and found that the transfer of the property was subject to a mechanic’s lien for the debt under the provisions of G.L.c. 254, and that the lien is enforceable against the property despite the transfer to Schwartzs. We agree and dismiss the Schwartzs’ expedited appeal brought pursuant to Dist./ Mun. Cts. R. A. D. A., Rule 8A.
National’s complaint was filed on February 5,1996, initially against LeFran-cois as a corporation and as trustee. The Schwartzs were not named as defendants. Service was made on LeFrancois six months after the complaint was filed. On August 5, 1996, seven months after the original complaint was filed and before any responsive pleading, National filed an amended complaint pursuant to Mass. R. Civ. R, Rule 15(a), adding the Schwartzs as defendants. The Schwartzs were served on September 9,1996. The amended complaint alleges three counts: Count I: To enforce a Mechanic’s [Builder’s] Lien (against LeFrancois and Schwartzs); Count II: Breach of Contract (against LeFrancois only); and Count III: Account Annexed (against LeFrancois only). The plaintiff preserved a right to a trial by jury.
Based upon the statement of agreed facts and the judge’s finding the following chronology reflects the salient facts in this transaction:
1/16/95 - Line of Credit Contract executed between National and LeFran-cois.
1/23/95 - LeFrancois acquired title to lot 10, the lot in dispute.
9/21/95 - Contract between National and LeFrancois for lumber and materials for Lot No. 10. (The lot in question)
10/25/95 - Notice of Contract pursuant to G.L.c. 254, §4 signed.
10/30/95 - Notice of Contract pursuant to G.L.c. 254, §4 recorded.
12/12/95 - Sworn Statement of Claim pursuant to G.L.C. 254, §4 signed.
*217 12/14/95 - Conveyance from LeFrancois to the Schwartzs.
12/18/95 - Sworn Statement of Claim pursuant to G.L.c. 254, §4 recorded.
2/05/96 - Complaint filed against LeFrancois only.8/15/96 - Service of Complaint on LeFrancois.
8/28/96 - Amended Complaint under Rule 15(c) filed against Schwartzs.
9/09/96 - Service on the Schwartzs.
10/31/96 - Answer of the Schwartzs filed.
12/04/96 - Motion for Judgement filed by Schwartzs.
The parties agree that the amount owed plaintiff under the contract is $26,103.98.
A mechanic’s lien is a lien or claim upon real estate to secure the payment for work or labor performed, or materials furnished for the construction, erection or improvement of the affected real estate with the permission or consent of the then owner. See M.P.S., PARK, VOL. 28, 596.
A mechanic’s lien is a statutory lien governed by G.L.c. 254. Id. ‘The lien is a creature of the statute, and can be enforced only by the strict compliance with the statute.” Hammill-McCormick Associates, Inc. v. New England Telephone & Telegraph, Co., 339 Mass. 541, 544 (1987).
A mechanic’s lien recorded against property does not of itself create personal liability on the owner of the property affected by the lien, see 56 C.J.S., §307. Rather, an action to enforce a mechanic’s lien is an “in rem” proceeding and not an action “in personam.” Id. An action to enforce a mechanic's lien created by G.L.c. 254 must be brought either “in the superior court for the county where the land lies or in the district court in the judicial district where the land lies,” see G.L.C. 254, §5. Venue is determined not by the location of any party but by the location of the affected property.
In the present action, there is no dispute that National amended its complaint prior to the filing of any responsive pleading. The primary issue concerning National’s amendment of the complaint is whether National’s adding of the Schwartzs as party defendants relates back to the date that National filed its complaint to enforce its mechanic’s lien against the locus. This issue is of key importance to the case as National was required by G.L.c. 254, §§5 and 11 to file a civil action to enforce its lien within sixty (60) days of National’s recording of its sworn statement of claim pursuant to G.L.c. 254, §8.
National’s amendment of the complaint adding the Schwartzs as parties to the complaint relates back to the commencement date of the complaint. Mass. R. Civ. R, Rule 15(a) allows a plaintiff to amend a complaint “once as a matter of course at any time before a responsive pleading served ...” Mass R. Civ. R, Rule 15,365 Mass. 761. (1974). Moreover, Mass. R. Civ. R, Rule 15(c) prescribes:
Whenever the claim or defense asserted in the pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment (including an amendment changing a party) relates back to the original pleading.
“After the amendment has been allowed the amendment relates back to the date of the original complaint and makes the added party a defendant from that date.” Perkins School for the Blind v. Rate Setting Commission, 383 Mass. 825, 829, 423 N.E. 2d 765 (1981). Such an amendment relates back to the commencement date of the complaint even though the amendment is made after any limitations period has expired, Stark v. Patalano Ford Sales, Inc., 30 Mass. App. Ct. 194, 567 N.E. 2d 1237 (1991). In fact, the expiration of the appropriate limitations period is a compelling reason to allow an amendment adding a new party defendant. Wadsworth v. Boston Gas Co., 352 Mass. 86, 223 N.E. 2d 807 (1967). Accordingly, National’s amendment adding the Schwartzs as parties defendant relates back to the com *218 mencement date of the complaint.
Further, G.L.c. 254 is not a “statute of repose,” effectively eliminating the underlying cause of action if not brought against specific parties within the permissible time period. The Supreme Judicial Court has determined that G.L.c. 260, §2B, the so-called “Statute of Repose,” does not apply to contract actions and provides a limitation only in actions of tort. Klein v. Catalano, 386 Mass. 701, 437 N.E. 2d 514 (1982). In fact, in the Klein case the Court made a distinction between claims of expressed and implied warranties by which it ruled that a claim for breach of implied warranty, being a tort-like claim, would be governed by G.L.c. 260,- §2B where as a claim for a breach of express warranty, being a contract-like claim, would not be governed by G.L.c. 260, §2B. National’s claims are not tort-like claims. National’s claim to enforce its lien under G.L.c. 254 could not be governed by G.L.c. 260, §2B. Klein, supra. To support their position, the Schwartzs cite the case of Nissan Motor Corp. v. Commissioner of Revenue, 407 Mass. 153, 552 N.E. 2D 84 (1990) which concerned a taxpayer’s claim for an abatement of corporate excise taxes, held that the taxpayer’s claim for abatement was time barred because the taxpayer’s application was not filed within the time frame prescribed by the statute in question; i.e., G.L.c. 62C, §37.
In its decision, the court held that:
... when a remedy is created by statute and the time within which it may be availed of is one of the prescribed conditions for relief, failure to meet that time limit deprives a judicial body court, or administrative appeals board of jurisdiction to hear the case. Id. At 157.
In supporting its decision, the Court held that G.L.c. 62C, §37 was a “statute of repose” which by its nature limits the time within which the action it creates may be brought without regard to the “accrual” of the action.
A “statute of repose” concerns claims against a person or entity for an alleged injury caused by an action or omission. See Nissan, supra; Pobieglo, supra; McGuiness v. Cotter, 412 Mass. 617, 591 N.E. 2d 659 (1992). Moreover, in the McGuiness case, the Supreme Judicial Court held ‘The effect of a statute of repose is to place an absolute time limit on the liability of those within its protection and to abolish a plaintiff’s cause of action thereafter, even if the plaintiff’s injury does not occur, or is not discovered, until after the statute’s time limit has expired.” Id. at 622. Essentially, the Court has consistently held that a statute of repose is designed to protect a person or entity after a specified time from claims resulting from an injury allegedly caused by such person’s actions or omissions. Id; See also Tindol v. Boston Housing Authority, 396 Mass. 515, 487 N.E. 2d 488 (1986); and Klein, supra. A claim to enforce a mechanics lien under G.L.c. 254 is an in rem claim against property and not a personal claim against any person or entity. The Schwartzs’ actions or omissions, if any, are irrelevant to National’s claim and cause of action. G.L.c. 254 is not a “statute of repose” as that term has been applied generally despite the strict time requirements contained in the statute. National commenced its claim to enforce its Mechanic’s Lien within the time frame prescribed by G.L.c. 254. The Supreme Judicial Court has ruled that a statute of repose “limits the time within an action may be brought and is not related to the accrual of any cause of action.” Id. at 517. A statute of repose “prevents a cause of action from arising after a certain period.” (emphasis supplied) James Ferrera & Sons v. Samuels; Hannan Constr., 21 Mass. App. Ct. 170, 173, 486 N.E. 2d 58 (1985). The amendment adding the Schwartzs did not raise or plead a new cause of action, or extend a cause of action beyond a specified limit; the amendment simply added Schwartzs as parties in interest. National’s claim remains an in rem proceeding *219 against the locus. The claim or cause of action is literally against the locus; it is not a claim or action against any particular person or entity, including the Schwartzs. The Schwartzs are only parties in interest. Had the Schwartzs been joined prior to the lien’s expiration date and then were they to have transferred the locus prior to the final resolution of this action, National would most likely have sought to amend the complaint to add the new owner as a party then of interest and there appears no statutory or other authority prohibiting them from so doing.
Further, the Schwartzs are not “necessary” parties to this action as the action to enforce a mechanic’s lien is an “in rem” proceeding and not an action “in personam.” An action pursuant to G.L.c. 254, §§5 and 11 is an action to enforce a lien against property and not against a person. Id. There is no requirement that a civil action under this statute be filed against the then current fee owners. The language of three sections of the statute that are critical to the subject matter of this action, i.e., G.L.C. 254, §§4, 5 and 11. First, G.L.c. 254, §4 states, in part, as follows:
Upon filing a notice, as hereinbefore provided, and giving actual notice to the owner of such filing, the sub-contractor shall have a lien to secure the payment of all labor and material, which he is to furnish or has furnished, upon the building or structure, and upon the interest of the owner, as appears of record at the time of such filing, in the lot of land on which said building or structure is situated. (Emphasis supplied.)
G.L.c. 254, §4 prescribes that the critical event regarding the owner or title holder of the affected property is the time a subcontractor records the notice of contract in the appropriate registry of deeds and the time he provides “actual notice” to such owner or title holder of the affected property when the Notice of Contract is recorded. National gave actual notice of its recording of the Notice of Contract to LeFrancois, the then owner of the locus at the time it recorded the Notice of Contract on October 30, 1995. There is no other requirement prescribed in any other section of G.L.c. 254 relative to owners or title holders of property against which a lien has been created.
Additionally, G.L.c. 254, §5, one of the two sections of c. 254 concerning the procedure for enforcement of a mechanic’s lien, prescribes in pertinent part as follows:
The Plaintiff shall bring his action in his own behalf and in behalf of all other persons in interest who shall become parties ... All other parties in interest may appear and have their rights determined in such action, and at any time before entry of final Judgment, upon the suggestion of any party in interest that any other person is or may be interested in the action, or of its own motion, the Court may summon such person to appear in such cause on or before a day certain or be forever barred from any rights thereunder ... The terms “party in interest” and “person in interest,” as used in the chapter, shall include mortgagees and attaching creditors. (Emphasis supplied)
As stated above, neither this section nor any other section of G.L.c. 254, including §11, the other section involving the enforcement of a mechanic’s lien, contains or prescribes any requirement that a subcontractor name the then owner of the property at the time the subcontractor first files its civil action. The above section actually anticipates joinder of other “parties in interest” at any time prior to the entry of final judgement. The Schwartzs, being the cur *220 rent title holders to the locus, are certainly “parties in interest” and therefor were properly joined prior to entry of final judgement. The statute clearly contemplates that all “parties in interest” may not be known by the Plaintiff filing the action and clearly need not be named on the date the civil action is filed because of the relatively transitory nature of the construction and real estate business. Furthermore, G.L.c. 254, §5 states that these parties “may” appear but does not mandate it. Contrast the requirement of actual joinder and notice prior to the sale of the property pursuant to a judgement permitting enforcement of the lien.
Case and statutory law from other jurisdictions seem to support the contention that failure to join the Schwartzs prior to the expiration of the time period vitiates the lien and causes the action as against the Schwartzs to fail. We note only that the cases cited all deem joinder of necessary parties a prerequisite to maintaining an action to enforce a lien. G.L.c. 254 does not define, and, more importantly, does not prescribe the. term or concept of a “necessary party” in any context, see especially G.L.c. 254, §§5 and 11. On the contrary, G.L.c. 254 speaks only of “persons in interest” or “parties in interest.” Id.[2] If the Legislature intended or required that owners or title holders of record of property against which a mechanic’s lien is sought to be enforced must be named in the complaint in order for the complaint to be deemed timely filed, the statute would have enumerated or prescribed such a requirement. See Klein, supra.
Additionally, G.L.c. 254, §23 provides as follows:
If the person for whom the labor has been performed or furnished or the material has been furnished dies or conveys away his estate or interest before the commencement of a civil action to enforce a lien, it may be commenced and prosecuted against his heirs or against the persons holding the estate or interest which he had in the land at the time when the labor or material was performed or furnished. If the action was commenced in the lifetime of such person, it may be prosecuted against his executor, administrator, heirs or assigns as if the estate or interest has been mortgaged to secure the debt. (Emphasis supplied)
The statute contemplates that owners or title holders at the time the mechanic’s lien was created may die or transfer interest in the affected property. It allows the lien holder to proceed with the enforcement of the lien against the affected property notwithstanding the death of the owners or title holders or the transfer of the affected property by action against the beneficiary or transferee but does not mandate that such proceeding be commenced against either.
Against the argument that the burden of checking registry records before the commencement of a civil action to enforce a mechanic’s lien should fall to the lien holder and the assertion that G.L.c. 254, §11 requires by implication *221 such a burden, we hold that this position is contrary to established law relative to the actual or constructive notice a junior grantee of a deed is deemed to have under the recording statutes. See G.L.c. 183, §4. These statutes seek to protect purchasers of property of conveyances and encumbrances of which they have no notice. See Norton v. West, 8 Mass. App. 348, 394 N.E. 2d 1125 (1979). There is no dispute that National recorded its notice of contract prior to the date the Schwartzs obtained title to the locus. Accordingly, the Schwartzs are deemed as a matter of law to have had constructive notice of National’s mechanic’s lien. Id. To shift the burden from a transferee of property to a lien holder to inquire of the record at the registry of deeds would serve to circumvent the recording statutes and the well established law relative to the recording of instruments with the registries of deeds; i.e., that the recording of an instrument is notice to all of an interest in property. Id. Simply put, if a purchaser of real estate has constructive or actual notice of a lien against the property purchased, he or she takes the property subject to the lien. See Mister Donut of America, Inc. v. Kemp, 368 Mass. 320, 330 N.E. 2d 810 (1975).
In light of the case and statutory law cited above and the discussion thereof, we dismiss the Schwartzs appeal and affirm the District Court’s judgment.

 See Mass. R. Civ. R Rule 17(a) as it may provide guidance on this particular point. The Rule reads in pertinent part: (a) Real Party in interest... or a party authorized by statute may sue in his own name without joining with the party for whose benefit the action is brought;... No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest...