NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-226

ARACELI ARGUELLO & another[1]

vs.

DRAPER PROPERTIES, INC.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs commenced this action against Draper

Properties, Inc. (Draper), alleging loss of parental consortium.

A judge of the Superior Court allowed Draper's motion to dismiss

filed pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754

(1974).  The plaintiffs appeal from the judgment of dismissal.

We affirm.

Background.  In 2015, while removing snow from the roof of

a building owned and controlled by Draper, Lucas Vicuna fell to

the ground and suffered serious injuries.  In 2016, he filed a

negligence action against Draper in Superior Court (underlying

_____

[1] Lucas Vicuna, as parents and next friends of their two minor children.

case).  In 2019, after three years of litigation and three weeks before the scheduled trial date, Vicuna's counsel sent a letter to Draper's counsel in order "to move things in [the] case." Vicuna's counsel notified the company that he now also represented Vicuna's two sons, and for the first time, that he intended to file loss of consortium claims on behalf of the sons and estimated damages for the claims as "well in excess of $1 million."  In response to the letter, Draper filed a motion in limine to preclude Vicuna's children from asserting claims for loss of consortium or, in the alternative, to require joinder of their claims with the underlying case pursuant to Mass. R. Civ. P. 19 (a), 365 Mass. 765 (1974), regarding compulsory joinder of indispensable parties.  At a hearing held five days before the trial, plaintiffs' counsel opposed the motion.  He told the judge that consortium claims were "[p]ossib[le]" and that "we're only going to bring those claims if we prevail on the issue of negligence in [the underlying] case."  He also stated, "we made a conscious decision not to [bring the consortium claims]. . . . We made a strategic decision" (emphasis added).  The judge denied Draper's motion but questioned why the consortium claims were not brought "with the rest of the case."  She noted that whether the children's potential claims ultimately would be barred was "an issue that would have to be decided [in the future]."

2

A jury returned a special verdict in favor of Draper, finding that Draper was causally negligent but that Vicuna was seventy percent at fault due to his own negligence. Accordingly, Vicuna's claim failed, and judgment entered in favor of Draper. In 2021, after a panel of this court affirmed the judgment in the underlying case,[2] Vicuna and Araceli Arguello, as parents and next friends of their minor children, and through the same counsel (plaintiffs' counsel), filed a complaint in Superior Court against Draper alleging loss of parental consortium. A judge granted Draper's Mass. R. Civ. P. 12 (b) (6) motion to dismiss, determining that the consortium claims were barred because of the plaintiffs' "strategic decision" to delay filing them until after the underlying case was resolved.

Discussion. "We review the allowance of a motion to dismiss de novo, accepting as true the facts alleged in the plaintiff's complaint as well as any favorable inferences that reasonably can be drawn from them" (citation omitted). Braley v. Bates, 100 Mass. App. Ct. 259, 260 (2021). In evaluating a motion to dismiss under rule 12 (b) (6), we generally limit our consideration to "the allegations in the complaint, although matters of public record, orders, items appearing in the record

---

[2] Vicuna v. Draper Props., Inc., 99 Mass. App. Ct. 1132 (2021).

3

of the case, and exhibits attached to the complaint, also may be taken into account" (quotation and citation omitted).  Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000).  To survive such a motion, a complaint must plausibly suggest an entitlement to relief.  See Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008).

1.  Loss of consortium claims were not exempt from compulsory joinder.  Loss of consortium claims have long been deemed independent from underlying negligence claims.  Diaz v. Eli Lilly & Co., 364 Mass. 153, 157 (1973).  "[A] party is not barred from recovering from a negligent tortfeasor for his independent [loss of consortium] injury because his spouse or parent was more at fault than the party being claimed against."  Morgan v. Lalumiere, 22 Mass. App. Ct. 262, 271 (1986).  See Diaz, supra at 157.  General Laws c. 260, § 7, which tolls the statute of limitations on civil actions for minors and incapacitated persons, gives minor children until three years after they reach the age of majority to file claims for the loss of consortium of an injured parent.[3]  However, under rule 19 (a), a person must be joined as a party in an action if "he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may

_____

[3] A tort action must be commenced within three years of its accrual.  G. L. c. 260, § 2A.

4

. . . leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."

The plaintiffs contend that the tolling statute was intended to protect minor children who may be unable to participate fully in litigation and thus that it conflicts irreconcilably with the rule of compulsory joinder.  They argue that the statute preempts the rule, thereby rendering rule 19 inapplicable to minor plaintiffs.  See Hermanson v. Szafarowicz, 457 Mass. 39, 45 (2010) (where there is "an irreconcilable conflict" between statute and court rule, "the statute supersedes the rule").  Whatever tension may exist between the tolling statute and rule 19, we disagree that the conflict is "irreconcilable."  As in many other instances, tolling of the statute of limitations does not shield a minor's complaint for loss of consortium against all procedural challenges.

In Diaz, 364 Mass. at 162 n.29, which was decided while the Massachusetts Rules of Civil Procedure were under consideration but before the rules were adopted, the Supreme Judicial Court stated that a defendant's right to insist that a consortium claim be joined with the underlying negligence action "should be very clear under Rule 19 ('Joinder of Persons Needed for Just Adjudication') of our new Rules of Civil Procedure."  Consistent with that admonition, we conclude that rule 19 (a) conferred on

Draper the right to request that the plaintiffs' consortium claims be joined with the underlying tort case.

The plaintiffs assert that requiring minor plaintiffs to prove loss of consortium at the same time as the underlying tort case will result in trials that "take much longer and exhaust more judicial resources." They claim that permitting separate consortium claims will promote judicial economy. On the contrary, allowing multiple plaintiffs to proceed with separate consortium actions predicated on the same injury allegedly caused by the same conduct by the same defendant invariably would result in repeat litigation of overlapping factual and legal issues.[4] Moreover, depending on the number and ages of consortium plaintiffs, "a defendant may become liable for the loss of consortium several years, perhaps even decades, after the injury to the parent." Angelini v. OMD Corp., 410 Mass. 653, 658 (1991).

---

[4] We disagree with the plaintiffs' contention that the jury's special verdict in the underlying case precluded Draper from relitigating the issues of negligence and causation in their loss of consortium action. Judgment entered in the underlying case based on the jury's determination that Vicuna was seventy percent at fault for his own injuries. The proportion of remaining fault the jury assigned to Draper on its special verdict slip was not essential to the judgment and thus not issue preclusive in future actions. See Jarosz v. Palmer, 436 Mass. 526, 533 (2002). See also Cambria v. Jeffery, 307 Mass. 49, 50 (1940) (finding that both parties contributorily negligent in tort had no effect on judgment and thus no preclusive effect in subsequent action between same parties).

Here, for example, given the tolling of the statute of limitations for minor plaintiffs, each child would have until his twenty-first birthday to sue Draper for loss of consortium. Tindol v. Boston Hous. Auth., 396 Mass. 515, 517 (1986); G. L. c. 260, § 7. Further, the children would not have to sue for loss of consortium at the same time. Therefore, even though their father commenced his negligence action against Draper in 2016, the older child would have until 2028 to pursue his loss of consortium claim, while the younger could separately file his complaint against Draper as late as 2034.[5] This arrangement would be anathema to the principles of judicial economy.

We acknowledge the advantage to consortium plaintiffs to tolling their claims until they are old enough to articulate their loss of the "closeness, guidance, and nurture" from their injured parent. See Ferriter v. Daniel O'Connell's Sons, Inc., 381 Mass. 507, 516 (1980). Yet, in certain circumstances, a minor plaintiff may be fully capable of participating in a lawsuit. Alternatively, a third party could testify in support of a claim for loss of consortium. See, e.g., Gottlin v. Graves, 40 Mass. App. Ct. 155, 160-161 (1996) (third party testified to her observations of child's distraught behavior following her mother's injury in car crash). "It is fair to say

_____

[5] Vicuna's sons were nine years old and twenty-two months old, respectively, when Vicuna was injured.

7

that no extensive display of facts is required to demonstrate, in light of ordinary human experience, an emotional or psychological dependence by [children] upon [their parent]" (citation omitted). Id. at 161. It is noteworthy that both at the hearing on Draper's motion to dismiss and during oral argument in this court, plaintiffs' counsel was unable to identify any cases where consortium plaintiffs have litigated their claims separately from the underlying negligence case.

2. The plaintiffs lost their claims by failing to timely assert them. In Diaz, 364 Mass. at 163 n.30, the Supreme Judicial Court "[left] open the possibility that in appealing circumstances [a] consortium claim might be held to be lost if not asserted by the time the negligence action is tried." The motion judge reasoned that "[i]f ever there were 'appealing circumstances' to warrant dismissing loss of consortium claims that were not joined in the underlying negligence case, . . . they are present here." We agree.

a. The plaintiffs' strategic decision not to file their consortium claims with the underlying tort action effectively deprived Draper of its right to seek joinder. A "consortium claim, when asserted at all, will usually be presented together with the negligence claim for the physical injuries." Diaz, 364 Mass. at 162. Here, the plaintiffs do not argue, nor could they under the circumstances, that they did not have notice of their

8

children's interests in the underlying case from its outset or that timely filing of a consortium claim was otherwise not feasible. Nevertheless, through their counsel, they made a "strategic decision" not to raise even the possibility of consortium claims during three years of litigation. Instead, plaintiffs' counsel first broached the subject as a negotiation tool in the underlying case three weeks before trial was to commence. Even so, during the motion in limine hearing held five days before trial in the underlying case, plaintiffs' counsel told the judge that a consortium claim was only "[p]ossib[le]." When the trial began, the plaintiffs still had not filed claims for loss of consortium. In fact, they did not do so until after Vicuna's appeal was denied by a panel of this court, over five years after his negligence claim was filed.

A core principle of compulsory joinder is that a party should not be exposed to the risk of multiple or inconsistent obligations that may occur if closely related matters are litigated separately. See Mass. R. Civ. P. 19 (a). Underpinning the rule compelling joinder of consortium claims with an underlying tort action is the right to "adjudicate[e] in an economical and consistent way the various losses that befall a family when one of its members is injured." See Restatement (Second) of Judgments § 48, Reporter's Notes to comment a (1982). The prospect of trying essentially the same case twice

9

before two different juries subjected Draper to a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations."[6]  Mass. R. Civ. P. 19 (a).  The plaintiffs' tactical decision not to disclose their children's claims until the eve of trial in a three year old tort action put Draper in an untenable position.  Although Draper quickly cobbled together a motion in limine, the consortium claims were still hypothetical, and the judge denied joinder and deferred preclusion of the consortium claims.  The plaintiffs' ploy thus effectively deprived Draper of its right to seek compulsory joinder.  See Santagate v. Tower, 64 Mass. App. Ct. 324, 334 (2005) ("Intrinsic to any equitable barring of [a] claim on the grounds of delay . . . is the requirement that there be disadvantage to another flowing from that untimeliness" [citation omitted]).

    b.  <u>The pretrial order denying joinder in the underlying case does not govern this appeal</u>.  The plaintiffs further assert that the judge's decision on Draper's motion in limine in the underlying case was a final order that foreclosed Draper from relitigating the issue of joinder or seeking dismissal of the

---

[6] We disagree with the motion judge's particular determination that compulsory joinder was implicated here because the jury in the subsequent consortium action "may well reach a result inconsistent with the jury result in the first case."  Rule 19 (a) concerns legal <u>obligations</u>, not legal results.

10

consortium claims.  See Bellermann v. Fitchburg Gas & Elec. Light Co., 470 Mass. 43, 60 (2014), S.C., 475 Mass. 67 (2016) (offensive issue preclusion requires "full and fair opportunity to litigate the issue in the first action" and prior determination which was "essential to the underlying judgment" [citations omitted]).  We disagree.

Plaintiff's counsel told the motion in limine judge that a consortium claim was only "[p]ossib[le]."  He made it clear that the decision to oppose joinder was strategic.  As discussed above, the judge denied Draper's requests to preclude the consortium claims or to join them with the jury case scheduled to begin five days later, which undoubtedly would have caused significant delay in that already three year old matter.  However, she noted that whether the consortium claims ultimately would be barred was an issue that would have to be decided in the future.  Given the pressing circumstances, the judge's practical approach was understandable.  The plaintiffs' failure to raise their claims in a timely manner made it impracticable for the judge to grant Draper's rule 19 (a) motion and require the claims to be tried together.  Thus, we do not read her order as intended to be the type of fully considered decision that would have preclusive effect on future litigation of the issues. See Bellermann, 470 Mass. at 61-62.

11

c.  <u>The complaint does not plausibly suggest entitlement to relief</u>.  The plaintiffs made a strategic decision to wait over five years after the underlying case was initiated to file their claims.  They gambled that Massachusetts law exempted them from rule 19 joinder and used the consortium claims as a bargaining chip for settlement.  In the interim, Draper litigated the underlying case to a successful jury verdict and affirmance of that verdict in this court.  Although it does not speak directly to the consequences of a party's failure to join litigation when on notice of a claim and where joinder is otherwise compulsory, rule 19 is rooted in equity.  See Reporter's Notes to Rule 19, Mass. Rules of Court, Rules of Civil Procedure, at 35 (Thomson Reuters 2024).  We agree with Draper that the plaintiffs' strategy contravened the core principles of rule 19 (a), and constituted the very scenario contemplated by <u>Diaz</u>, 364 Mass. at 163 n.30.  Permitting this strategy to succeed under the particular facts and procedural posture of this case would render the compulsory joinder rule ineffectual and unfairly prejudice Draper.  See <u>id</u>. ("in appealing circumstances the consortium claim might be held to be lost if not asserted by the time the negligence action is tried").  Cf. <u>Santagate</u>, 64 Mass. App. Ct. at 333 (equitable defense of laches available where "there has been unjustified, unreasonable, and prejudicial delay

12

in raising a claim").  We conclude that the plaintiffs "lost"

their claims by consciously failing to assert them, and

therefore their complaint cannot plausibly suggest entitlement to relief.

Judgment affirmed.

By the Court (Neyman,
  Brennan & Toone, JJ.[7]),

Clerk

Entered:   September 30, 2024.

---

[7] The panelists are listed in order of seniority.