JAMES FERRERA & SONS, INC., & another[1] *vs.* WALTER R.
SAMUELS & others;[2] HANNAN CONSTRUCTION COMPANY
& another,[3] third-party defendants.

Norfolk.    September 18, 1985. — December 3, 1985.

Present: KASS, KAPLAN, & SMITH, JJ.

*Negligence,* Building contractor. *Practice, Civil,* Claim barred by statute
of repose. *Joint Tortfeasors. Repose, Statute of.*

In an action seeking recovery for property damage sustained when the roof
of a building collapsed, an amended complaint adding as defendants
certain corporations, which were alleged to have been negligent in the
design and construction of the building, did not have the effect of making
these defendants parties to the action from the date of the original com-
plaint so as to overcome the bar of G. L. c. 260, § 2B, a statute of
repose limiting the time within which an action against them might have
been brought. [172-174]
On a claim seeking recovery on the basis of negligence in the design and
construction of a building, a defendant would have no right to contribu-
tion from third-party defendants against whom the plaintiffs' claim was
barred by a statute of repose, G. L. c. 260, § 2B. [174]

CIVIL ACTION commenced in the Superior Court Department
on January 24, 1980.

Motions by the defendants Hannan Construction Company
and Richard L. Bowen and Associates, Inc., for summary
judgment as to the plaintiffs' amended complaint were heard
by *George N. Hurd, Jr.,* J. Motions by the same parties for
summary judgment as to the third-party complaint were heard
by *Herbert F. Travers, Jr.,* J.

*D. Alice Olsen* for the plaintiffs.

[1] Value King, Inc.

[2] Hannan Construction Company and Richard L. Bowen and Associates,
Inc.

[3] Richard L. Bowen and Associates, Inc.

*Mark C. Darling* for Walter R. Samuels.

*James F. Kavanaugh, Jr.* (*Paul F. Denver* with him) for Hannan Construction Company.

*Richard D. Maciolek* for Richard L. Bowen and Associates, Inc.

SMITH, J. The plaintiffs, James Ferrera & Sons, Inc. (Ferrera), and Value King, Inc. (Value King), commenced a civil action on January 24, 1980, naming as defendant Walter R. Samuels (Samuels), as he is a general partner of Milford Associates, a Massachusetts limited partnership (Milford Associates). The plaintiffs sought to recover for property damage sustained when the roof of a building owned by Milford Associates and leased to and occupied by the plaintiffs collapsed in January and February, 1978. On February 28, 1983, the plaintiffs filed an amended complaint naming the Hannan Construction Company (Hannan) and Richard L. Bowen and Associates, Inc. (Bowen), as additional defendants. The amended complaint alleged negligence in construction and design, respectively, on the part of Hannan and Bowen in regard to the building. Later, Samuels, as general partner of Milford Associates, filed a third-party complaint against Hannan and Bowen seeking indemnification or contribution from them for any liability imposed against it in the original action. Hannan and Bowen filed answers to the plaintiffs' amended complaint in which, among other things, each asserted cross claims against the other and against Samuels as general partner of Milford Associates.

Still later, Hannan and Bowen moved for summary judgment on all counts of the plaintiffs' amended complaint and on the cross claims. They asserted that the plaintiffs' amended complaint filed against them was barred by G. L. c. 260, § 2B, as amended by St. 1973, c. 777, § 2.[4] A Superior Court judge

---

[4] General Laws c. 260, § 2B, as amended, reads: "Actions of tort for damages arising out of any deficiency or neglect in the design, planning, construction or general administration of an improvement to real property shall be commenced within three years next after the cause of action accrues; provided, however, that in no event shall such actions be commenced more than six years after the performance or furnishing of such design, planning, construction or general administration."

agreed with their contentions and granted their motions. Hannan and Bowen then moved for summary judgment as to the third-party complaint, again citing § 2B as the basis for their motions. A judge also granted their motions as to the third-party complaint. The plaintiffs have appealed from the granting of the motions for summary judgment as to the amended complaint, and Samuels has appealed from the granting of the motions as to the third-party complaint.

1. *Summary judgment as to the amended complaint.* The Supreme Judicial Court has stated that "G. L. c. 260, § 2B, precludes recovery against those within the protection of the statute for any injury which occurs more than six years after the performance or furnishing of the design, planning, construction, or general administration of an improvement to real property." *Klein* v. *Catalano,* 386 Mass. 701, 702 (1982). The facts are not in dispute as to the involvement of Hannan and Bowen with the property in question. Hannan constructed the building whose roof collapsed, and Bowen furnished the design. The last connection that either defendant had with the building was in June, 1974. The amended complaint against Hannan and Bowen was filed nearly nine years after their last involvement with the building. Thus, Hannan and Bowen argue that as a result of the *Klein* decision interpreting G. L. c. 260, § 2B, the plaintiffs' action against them is barred.

The plaintiffs claim, however, that the *Klein* decision does not control the situation here. They argue that under Mass.R. Civ.P. 15(c), 365 Mass. 762 (1974), the addition of a defendant to an action relates back to the date of the original complaint and makes the added defendant a party to the action from the date of the original complaint.[5] Here, the date of the original complaint was January 24, 1980. By invoking the relation-back doctrine, the plaintiffs' amended complaint against Hannan and Bowen would be treated as if it had been brought on the

---

[5] Mass.R.Civ.P. 15(c) provides as follows: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment (including an amendment changing a party) relates back to the original pleading."

date of the original complaint, a date within the time limit established by G. L. c. 260, § 2B.

There is no question that "[p]rior to the adoption of rule 15(c), our practice allowed liberal amendment of pleadings to add or to substitute parties defendant after expiration of the period of limitations." *Weaver* v. *Commonwealth,* 387 Mass. 43, 48 n.6 (1982). Rule 15(c) codified the existing practice. See *Aker* v. *Pearson,* 7 Mass. App. Ct. 552, 554 (1979). But this liberal approach to the amendment of pleadings, and its effect in permitting the bar of the statute of limitations to be circumvented, is not relevant to the situation here. The statute blocking the plaintiffs' action in this case is not a statute of limitations, but rather is a statute of repose. *Klein* v. *Catalano, supra* at 702. There is a marked difference between a statute of limitations and a statute of repose, a difference that is important in our resolution of the issue. "A statute of limitations normally governs the time within which legal proceedings must be commenced after the cause of action accrues. . . . A statute of repose, however, limits the time within which an action may be brought and is not related to the accural of any cause of action. The injury need not have occurred, much less have been discovered." *Id.* Because G. L. c. 260, § 2B, is a statute of repose it *"completely eliminates* [after six years] a cause of action against certain persons in the construction industry" (emphasis supplied).[6] *Id.* Unlike a statute of limitations, which bars a cause of action if not brought within a certain time period, a statute of repose prevents a cause of action from arising after a certain period. See *Rosenberg* v. *North Bergen,* 61 N.J. 190, 199-200 (1972). The bar of a statute of repose is absolute, whereas the bar of a statute of limitations is conditional.

Any application of the relation-back doctrine in the instant case would have the effect of reactivating a cause of action that the Legislature obviously intended to eliminate. We will not, in the circumstances presented here, construe the rule so

---

[6] It is not disputed that Hannan and Bowen are within the class protected by the statute.

as to abrogate the effect of the statute. We have examined the other arguments of the plaintiffs and find them to be without merit. There was no error in granting the motions for summary judgment.

2. *The granting of summary judgment as to the third-party complaint.* Based on our reasoning in part 1, there was no error in the granting of summary judgment in favor of Hannan and Bowen on the third-party complaint brought against them by Samuels, in his role as general partner of Milford Associates.

We also note that in his third-party complaint, Samuels sought contribution from Hannan and Bowen as joint tortfeasors in the event that the plaintiffs were successful in obtaining a judgment against Samuels as general partner. See G. L. c. 231B, § 1*(a),* inserted by St. 1962, c. 730, § 1. However, that statute provides that Samuels has a right of contribution only if Hannan and Bowen can be held directly liable to the plaintiffs. *Liberty Mut. Ins. Co.* v. *Westerlind,* 374 Mass. 524, 526 (1978). In the instant case the plaintiffs' claim against Hannan and Bowen is barred by G. L. c. 260, § 2B. Hence, there can be no right of contribution between Samuels and Hannan and Bowen, and, therefore, there was no error in granting the summary judgment motions.

*Judgments affirmed.*