COMMONWEALTH *vs.* OWENS-CORNING FIBERGLAS
CORPORATION & others.[1]

No. 95-P-737.

Suffolk. May 16, 1995. - May 25, 1995.

Present: KASS, SMITH, & GREENBERG, JJ.

*Asbestos. Repose, Statute of. Limitations, Statute of. Statute,*
Construction.

General Laws c. 250, § 2D, as inserted by St. 1986, c. 336, §§ 1 & 2 (the
asbestos revival statute), operated to revive claims brought by or for the
Commonwealth against installers of asbestos for recovery of costs of
removal or containment, which would otherwise have been time barred
by the statute of repose, G. L. c. 260, § 2B. [602-604]

CIVIL ACTION commenced in the Superior Court Depart-
ment on June 28, 1990.

A motion for summary judgment was heard by *Hiller B.
Zobel*, J.

Leave to prosecute an interlocutory appeal was allowed by
*Brown*, J.

*Jeffrey Jones* for the plaintiff.

*John M. Russell, Jr.,* for New England Insulation
Company.

*Gary W. Harvey* for Johnson Insulation, Inc.

---

[1]The complaint names fifty-four defendants who are connected with the
asbestos industry. The particular defendants who have an interest in this
appeal describe themselves as asbestos installers and "insulation
contractors." They are ACandS, Inc.; New England Insulation Company;
Johnson Insulation, Inc.; and five business entities related to the latter
corporation. The Commonwealth refers to those defendants as "suppliers,"
indicating that they provided as well as installed products containing
asbestos. The Commonwealth does not concede that they are merely
installers and, hence, entitled to the protection of G. L. c. 260, § 2B.

KASS, J. By St. 1986, c. 336, the "asbestos revival statute," the Legislature established special time periods during which the Commonwealth and its subdivisions could bring an action, otherwise time-barred, to recover the cost of asbestos removal from public buildings.[2] We are asked to decide whether that statute also revives claims against installers of asbestos, against whom an action would otherwise be time-barred by G. L. c. 260, § 2B, a "statute of repose" relating to construction projects. The installers (see note 1, *supra*) moved successfully in the Superior Court for summary judgment. The Commonwealth has appealed.[3] We think the asbestos revival statute applies to § 2B as well as to § 2A (general tort action statute of limitations) of G. L. c. 260. We, therefore, vacate the allowance of the motion for summary judgment.

The asbestos revival statute contains two sections. Section 1 of St. 1986, c. 336, added § 2D to G. L. c. 260. Section 2D provides:

> "Any action brought by . . . the [C]ommonwealth or any other political subdivision thereof to recover any costs associated with asbestos related corrective actions . . . shall be commenced only within six years next after . . . the [C]ommonwealth or any other political subdivision thereof knew of the presence of and the hazard or damage caused by the presence of such asbestos or material containing asbestos within its buildings."

---

[2] The asbestos revival statute, its background and constitutionality, are the subjects of *Boston* v. *Keene Corp.*, 406 Mass. 301 (1989).

[3] The Commonwealth sought relief under G. L. c. 231, § 118, before a single justice of this court from allowance of summary judgment (no final judgment had yet entered nor had the judge made a ruling under Mass.R.Civ.P. 54[b], 365 Mass. 821 [1974]). Under our practice, a single justice ordinarily is reluctant to act on a petition to review an order that is dispositive of the rights of a party. Compare G. L. c. 231, §§ 117 and 118, with G. L. c. 211, § 3. See *Pemberton* v. *Pemberton*, 9 Mass. App. Ct. 809 (1980). But see, however, as to the authority of a single justice to act before final judgment, *Gibbs Ford, Inc.* v. *United Truck Leasing Corp.*, 399 Mass. 8, 10-12 (1987).

Section 2 of St. 1986, c. 336, created a further opening for public body claimants by allowing them to maintain an action, otherwise barred, even by § 2D, so long as it was initiated before July 1, 1990.[4] The caption on St. 1986, c. 336, is "AN ACT ESTABLISHING A LIMITATION OF ACTIONS INVOLVING ASBESTOS REMOVAL." "Statute of repose" is a phrase absent from the asbestos revival statute.

It is the position of the asbestos installers that if the Legislature had wanted the asbestos revival statute to apply to installers, as opposed to manufacturers or material suppliers, it would have expressly referred to the statute of repose contained in G. L. c. 260, § 2B. Several cases, the installers remind us, expressly differentiate between a statute of limitations and a statute of repose. See, e.g., *Klein* v. *Catalano*, 386 Mass. 701, 702 (1982); *Tindol* v. *Boston Hous. Authy.*, 396 Mass. 515, 517 (1986); *James Ferrera & Sons* v. *Samuels*, 21 Mass. App. Ct. 170, 173 (1985). As those decisions explain, the difference is that a statute of limitations limits the time in which an action may be brought after it accrues; a statute of repose cuts an action off entirely after a specified period, even though the action had not accrued because no injury had occurred or been discovered. Put another way, statutes of limitations are subject to tolling and the effect of amendments to a complaint that relate back; the bar of the statute of repose in § 2B is absolute once the six-year period has run.

There would be more weight to the argument of the installers if the words "statute of repose" appeared in the General Laws. They do not, however. Rather, the phrase is a convenient one, added to the vocabulary of the law by judicial opinions. Although several of those opinions have made

---

[4]Statutes 1986, c. 336, § 2, provides: "Notwithstanding the provisions of section two D . . . the [C]ommonwealth or any other political subdivision may commence an action . . . which would otherwise be barred as a result of the expiration of the applicable period of limitation of action at any time prior to July first, nineteen hundred and ninety; provided, however, that such action is commenced prior to July first, nineteen hundred and ninety."

the observation that a statute of limitations bars an action while a statute of repose abolishes it,[5] it remains the case that, whether a statute of limitations or a statute of repose, either brand of law bars a right of action after the lapse of a certain period of time. Indeed, the cases find it difficult to avoid use of the word "limit," the root of "limitation," in defining the distinction between a statute of limitations and a statute of repose. So *Klein* v. *Catalano*, 386 Mass. at 702, says, "A statute of repose, however, limits the time within which an action may be brought. . . ." See, to the same effect, *James Ferrera & Sons* v. *Samuels*, 21 Mass. App. Ct. at 173, quoting from *Klein* v. *Catalano*. So foreign to legislative usage is the phrase "statute of repose" that we would not expect the Legislature to use it or refer to it when enacting a statute specially designed to breathe new life (for the benefit of public entities only) into liability that would otherwise have been extinguished by the passage of time.

It is also worth bearing in mind that the Commonwealth is not bound by a statute of limitations unless it expressly consents to be bound by such a statute. *United States* v. *Commissioner of Banks*, 254 Mass. 173, 176 (1925). *Boston* v. *Nielsen*, 305 Mass. 429, 430 (1940). The statutory expression of that principle appears in G. L. c. 260, § 18, which provides that "[t]he limitations of the preceding sections of this chapter . . . shall apply to actions brought by or for the [C]ommonwealth." In, thus, making itself subject to the bars of c. 260, the consent section does not distinguish between the conventional statutes of limitations that appear in other sections of c. 260 and the statute of repose, which appears in § 2B.

Having in mind the remedial purpose of the asbestos revival statute, see *Boston* v. *Keene Corp.*, 406 Mass. 301, 309-310 (1989), we read St. 1986, c. 336, as applicable to G. L.

---

[5]See *Klein* v. *Catalano*, 386 Mass. at 702-703 n.3; *James Ferrera & Sons* v. *Samuels*, 21 Mass. App. Ct. at 173. Cf. *Boston* v. *Keene Corp.*, 406 Mass. 301, 312-313 (1989), making the observation that the interest of a party in a procedural bar is not as great as that in a substantive right. We think the *Boston* v. *Keene Corp.* opinion effectively disposes of the due process argument mounted by the installers.

c. 260, § 2B. In arriving at that conclusion we have also considered the words of the statute, the architecture of c. 260, and the generic content of § 18 of that chapter. The defendant installers have urged the pertinence of a letter dated March 13, 1986, from the then Attorney General of the Commonwealth to the chairpersons of the Joint Committee on the Judiciary of the Legislature. In that letter, the Attorney General writes that a purpose of the proposed revival legislation is to avoid uncertainty as to when the Commonwealth or other public utility knew or should have known about asbestos removal expense, and companies that manufactured and marketed asbestos products should pay the bill for removal because they knew of the hazards of the material. The installers observe that the uncertainty of accrual consideration would not apply to actions barred by the statute of repose and that installers would not necessarily have been aware of the hazards of the material. These are interesting observations, but a letter of advocacy is generally not written with the same attention to drafting detail as a statute. We do not think that what the Attorney General may have had in mind assists substantially in determining what the Legislature had in mind, especially when the legislation adopted does not touch on the distinctions the installers seek to draw. In interpreting a statute, one may, after all, do worse than concentrate on its language. See *Mirageas* v. *Massachusetts Bay Transp. Authy.*, 391 Mass. 815, 819 (1984). In this instance, so doing does not, in our view, produce any particular ambiguity. See *New England Med. Ctr. Hosp., Inc.* v. *Commissioner of Rev.*, 381 Mass. 748, 749-750 (1980).

The order allowing the defendant installers' motion for summary judgment is vacated. The claims against them shall be tried along with those of the other defendants who are parties to the action.

*So ordered.*