FishmaN, Kenneth J., J.

INTRODUCTION

The plaintiffs, Andrew Chace (“Andrew”) a minor, and his mother, Sharon Judkins (“Judkins”), bring this medical malpractice action against Arlene Cur-ran, M.D. (“Dr. Curran”) and Ann Taylor, R.N. (‘Taylor”) alleging in Counts I and VII that both parties were involved in negligent rescusitative efforts that occurred during Andrew’s birth. The plaintiffs also bring claims of misrepresentation (Counts II and VIII) and fraudulent concealment stemming from circumstances in which the plaintiffs allege that the defendants falsified medical reports to reflect no wrongdoing on their parts.[4] The defendants move to dismiss all the claims, claiming that the plaintiffs have failed to state a claim, and that the claims are barred by the seven-year statute of repose, applicable to medical malpractice actions. The plaintiffs allege that they came to the information of fraudulent concealment and misrepresentation years after the alleged incident, and that these circumstances toll the statute of repose. After hearing, and for the reasons as more fully set out in this memorandum of decision, the defendants’ motion is ALLOWED.

BACKGROUND

Sharon Judkins gave birth to Andrew Chace on September 22, 1995, at Holy Family Hospital in Lawrence, Massachusetts. During the course of the birth, Judkins exhibited signs of a complication known as a “prolapsed cord,” in which the umbilical cord is delivered through the vaginal canal before the fetus. This condition can present a danger to the fetus, and as a result, Judkin’s obstetrician, Robert Shannon, M.D. (“Dr. Shannon”) alerted personnel and a caesarean section procedure was performed. Upon delivery, Andrew was removed to an area where he was attended to by nurse Shelagh Galvin (“Galvin”), the defendant Taylor, and the defendant Dr. Curran. The three parties undertook rescusitative efforts on Andrew, and the plaintiffs allege that during this treatment, Taylor and Dr. Curran were negligent and caused Andrew injuries. As of the filing of this motion, Andrew was *499 eight years old, and suffers from multiple severe physical and mental disabilities.
On March 29, 2001, the plaintiffs filed a complaint against Dr. Shannon, the obstetrician who delivered Andrew.[5] Pretrial discovery ensued, and it is alleged that, on March 25, 2004, during a deposition of nurse Galvin, she revealed that the medical records prepared by the defendants immediately after the birth were inaccurate and incomplete in material ways. Specifically, she also testified that an endotracheal tube was not recognized or responded to, and as a result, Andrew did not receive oxygen for several minutes after his birth. Subsequent to this revelation, the plaintiffs filed the instant action on June 3, 2004.

DISCUSSION

For purposes of a motion to dismiss a complaint for failure to state a claim under Mass.RCiv.P. 12(b)(6), “(t]he allegations in the complaint must be treated as true and the plaintiff is entitled to all favorable inferences.” General Motors Acceptance Corp. v. Abington Casualty Ins. Co., 413 Mass. 583, 584 (1992). Amotion to dismiss should only be granted if “it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” General Motors Acceptance Corp., 413 Mass. at 584, quoting Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
There are several issues raised by the pending motion, some of which appear to have been directly decided by the Massachusetts appellate courts. The first is the question of which statute of repose should apply to this case. The defendants rely on G.L.c. 231, §60D, while the plaintiffs maintain that G.L.c. 260, §4 governs this cause of action. Next, the plaintiffs argue that c. 260, §4 enumerates in the statute specifically which medical professionals to whom the Legislature intended the statute to apply. The word “nurse” is omitted from this section, and the plaintiffs contend that nurses, while being subject to medical malpractice actions, can escape the effects of the statute of repose, while the physicians with whom they work fall under the aegis of the statute. Lastly, the plaintiffs claim that the defendants fraudulently concealed this cause of action, effectively preventing the filing of this suit until the statute of repose had expired. The plaintiffs claim that this behavior by the defendants tolls the statute of repose, and would therefore allow this cause of action to proceed.

Applicable Statutes

The defendants move to dismiss the claims as untimely in violation of the statute of repose applicable to medical malpractice claims. The parties dispute which statute applies to the plaintiffs in this case, le., G.L.c. 231, §60D or G.L.c. 260, §4. The short answer is that both statutes apply to this case.
As a minor, the timeliness of the claims brought on Andrew’s behalf are governed by c. 231, §60D. Harlfin-ger v. Martin, 435 Mass. 38, 40 (2001); McGuinness v. Cotter, 412 Mass. 617, 620 (1992). The other claims, brought by Sharon Judkins on her own behalf as an adult, are governed by c. 260, §4. Harlfinger, 435 Mass, at 41, n. 4; McGuinness, 412 Mass, at 627. Both statutes have a three-year statute of limitations and a seven-year statute of repose concerning actions for medical malpractice. G.L. 231, §60D, G.L.c. 260, §4.
These statutes do not contain identical language, although the language establishing a statute of repose in both is the same. Chapter 231, §60D, relating to minor plaintiffs, states as follows:
Notwithstanding the provisions of section seven of chapter two hundred and sixty, any claim by a minor against a health care provider stemming from professional services or health care rendered, whether in contract or tort, based on an alleged act, omission or neglect shall be commenced within three years from the date the cause of action accrues, except that a minor under the full age of six years shall have until his ninth birthday in which the action may be commenced, but in no event shall any such action be commenced more than seven years after occurrence of the act or omission which is the alleged cause of the injury upon which such action is based except where the action is based upon the leaving of a foreign object in the body.
(Emphasis added.) This statute was enacted in 1975 as a statute of limitation. The provision creating a statute of repose was added by amendment in 1986. G.L.c. 231, §60D; Harlfinger, 435 Mass. at 41; McGuinness, 412 Mass, at 621.
By contrast, the version contained in the statute governing claims by adults has existed in some form for hundreds of years as a statute of limitations. It, too, was amended in 1986 to include a statute of repose. G.L.c. 260, §4; Harlfinger, 435 Mass. at 41, n. 4; McGuinness, 412 Mass. at 627. The pertinent part of that statute reads as follows:
Actions of contract or tort for malpractice, error or mistake against physicians, surgeons, dentists, optometrists, hospitals and sanitaria shall be commenced only within three years after the cause of action accrues, but in no event shall any such action be commenced in more than seven years after occurrence of the act or omission which is the alleged cause of the injury upon which such action is based except where the action is based upon the leaving of a foreign object in the body.
G.L.c. 260, §4 (2005) (emphasis added).

Statutes of Repose

In general, statutes of repose function to limit the duration of liability. Klein v. Catalano, 386 Mass. 701, 709 (1982). “There comes a time when [a defendant] ought to be secure in his reasonable expectation that the slate has been wiped clean of ancient obligations, and he ought not to be called on to resist a claim ‘when *500 evidence has been lost, memories have faded, and witnesses have disappeared.’ ” Id., quoting Rosenberg v. North Bergen, 61 N.J. 190, 201 (1972). “The purpose of a statute of repose is to give particular types of defendants the benefit of a date certain on which their liability for past conduct will definitively come to an end.’’ Nett v. Bettucci, 437 Mass. 630, 639 (2002).
The legislative purpose behind the two statutes of repose at issue in this case is the “reduction of the cost of malpractice insurance for health care professionals in order to insure affordable health care.” Plummer v. Gillieson, 44 Mass.App.Ct. 578, 581 (1998); see also Harlfinger, 435 Mass, at 43. The Legislature enacted statutes of repose for medical malpractice claims in response to an earlier decision by the Supreme Judicial Court, Franklin v. Albert, 381 Mass. 611, 612 (1980), that applied the discovery rule to medical malpractice cases. Harlfinger, 435 Mass, at 41-42. The discovery rule, which applies only to statutes of limitation, provides that a cause of action for medical malpractice does not accrue until a patient learns, or should have learned, of a harm caused by the negligent care of a health care provider. McGuinness, 412 Mass. at 627-28; Franklin, 381 Mass, at 612. “(T]he Legislature was convinced that the availability of medical malpractice insurance at affordable premiums was at risk,” because under the discovery rule, these cases could be brought at any time. Harlfinger, 435 Mass. at 44.
In 1975, the Legislature enacted a special commission to examine issues pertaining to medical malpractice insurance. Id. at 42. This commission recommended that “an ‘outside limit’ be placed on the time in which malpractice actions could be brought, because, under the discovery rule, ‘there is no limit on the time period in which such discovery must be made.’ ” Id., quoting Annual Report of the Special Commission Relative to Medical Professional Liability Insurance and the Nature and Consequences of Medical Malpractice, 1987 House Doc. No. 5262, at 9. In addition, this absolute endpoint prevented stale cases from being heard in which there may be problems of proof as well as changes in the standard of care. Harlfinger, 435 Mass, at 44. As noted, in 1986, the Legislature added a statute of repose to the statutes limiting medical malpractice actions brought by both minors and adults. See G.L.c. 231, §60D; G.L.c. 260, §4.

Applicability to Nurses

Although both statutes are very similar, conspicuously absent from the one relating to actions brought by adults is the word “nurse.” Chapter 260, §4 identifies the parties against whom malpractice actions are brought to which the statute applies as “physicians, surgeons, dentists, optometrists, hospitals and sani-taria . . .” In the statute pertaining to minor plaintiffs, it states that it applies to actions brought against a “health care provider.” G.L.c. 231, §60D. Although not defined in Section 60D, a “health care provider” has been defined elsewhere in the statute to include nurses. See G.L.c. 231, §60B. It is difficult to perceive any reason that the Legislature intended actions against nurses to be governed by the medical malpractice statute of repose only when the claims are brought by minors as opposed to adults. Indeed, one commentator has noted that “[t]he omission of the other health professions is undoubtedly without significance in connection with the time strictures for bringing an action.” Joseph R. Nolan & Laurie J. Sartorio, Tort Law §284 (2d ed. 1989).
Normally, “(t]he words of a statute are the main source for the ascertainment of legislative purpose, and when the text of a statute is clear and unambiguous, it must be construed in accordance with its plain meaning.” Commonwealth v. Ray, 435 Mass. 249, 252 (2001); see Delaney v. Commonwealth, 415 Mass. 490, 494 (1993); Bronstein v. Prudential Ins. Co., 390 Mass. 701, 704 (1984). Therefore, if the language in c. 260, §4 is plain and unambiguous, the Court will be constrained to follow the statutory language as it appears on its face, “unless to do so would lead to an absurd result, or be contrary to the Legislature’s manifest intention.” Shamban v. Masidlover, 429 Mass. 50, 54 (1999); see White v. Boston, 428 Mass. 250, 253 (1998); see also Attorney Gen. v. School Comm. of Essex, 387 Mass. 326, 336 (1982). The Perez court stated that it was error for the Superior Court judge to include EMTs in a statute which enumerated a list of health care providers to which it applies. 413 Mass, at 675. The lower court’s reasoning for this addition was that it was “ ‘within the spirit’ of the law,” and, therefore, within the intent of the Legislature. Id.
When a statute is ambiguous, it “must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of the framers may be effectuated.” Telesetsky v. Wight, 395 Mass. 868, 872-73 (1985), quoting Commonwealth v. Galvin, 388 Mass. 326, 328 (1983). “At the same time, a statute should be read as a whole to produce internal consistency.” Telesetsky, 395 Mass, at 873. “When imperfection of language fails clearly to express legislative purpose or intent ‘(s)tatutes are to be interpreted ... in connection with their development, their progression through the legislative body, the history of the times, prior legislation, contemporary customs and conditions and the system of positive law of which they are part . . .’ ” Ray, 435 Mass, at 252, quoting Commonwealth v. Welosky, 276 Mass. 398, 401 (1931).
The rules of statutory construction begin with the plain language of the statute itself but courts can also seek guidance from “legislative history, the language *501 and construction of related statutes, and the law of other jurisdictions.” Commonwealth v. Welch, 444 Mass. 80, 85 (2005). Most significant, as relates to this case, courts may assume that when the Legislature enacts a statute, they are familiar with existing statutes, and their intentions are reflected in the law. Id. This is particularly true when two statutes are enacted in the same legislative session. Marshal House, Inc. v. Rent Control Board of Brookline, 358 Mass. 686, 698-99 (1971). “Where two or more statutes relate to the same subject matter, they should be construed together so as to constitute a harmonious whole consistent with the legislative purpose.” Registry of Motor Vehicles v. Board of Appeal on Motor Vehicle Liability Policies and Bonds, 382 Mass. 580, 585 (1981); see also Green v. Wyman-Gordon Co., 422 Mass. 551, 554 (1996) (holding that statutes are normally to be construed consistently with one another). To determine the proper construction in this context courts are permitted to look to the history and purpose of a statute, even if it is apparently unambiguous, in order to determine legislative intent. Green, 422 Mass. at 554.
In Perez v. Bay State Ambulance & Hospital Rental Service, Inc., 413 Mass. 670, 675 (1992), the Court interpreted G.L.c. 231, §60B as not being applicable to emergency medical technicians (“EMTs”). Chapter 231 §60B, in a manner similar to c. 260, §4, specifically enumerates those parties to whom the legislature intended the statute to apply by defining the term “health care provider.” In Section 60B, EMTs are not designated as a health care provider. In Perez, the Court held that “[i]n interpreting statutory language, the court must give the words their plain meaning in light of the aim of the legislature.’ ” 413 Mass, at 675, quoting Commonwealth v. Vickey, 381 Mass. 762, 767 (1980). Moreover, “[a] definition which declares what a term means . . . excludes any meaning that is not stated.” Perez, 413 Mass. at 675, quoting Colautti v. Franklin, 439 U.S. 379, 392-93, n. 10 (1979).
If c. 260, §4 were examined in isolation, this Court would be constrained to the plain language of the statute, and despite a strong legislative purpose to include nurses, would likely conclude that actions against nurses are not subject to that statute of repose. See General Electric Co. v. Dep’t of Environmental Protection, 429 Mass. 798, 803 (1999), quoting King v. Viscoloid Co., 219 Mass. 420, 425 (1914) (“We do not ‘read into the statute a provision which the Legislature did not see fit to put there, whether the omission came from inadvertence or of set purpose’ ”). In this case, however, there exists an analogous statute in c. 231, §60D which does include nurses. To allow nurses to be included in one statute, and not the other, would produce an absurd and inconsistent result, and one that could not have been contemplated by the Legislature. The two inconsistent statutes create an ambiguity, and require this Court to employ the rules of statutory construction to resolve the conundrum.
Because, as noted above, the legislative intent and purpose behind these statutes are to limit malpractice actions, the statutes concern the same subject matter and are in pari materia. A nurse, like many other health care providers, is subject to medical malpractice tribunals and may be sued for malpractice. G.L.c. 231, §60B. To allow nurses to escape the version of the statute of repose applicable to actions brought by adults would foil the Legislature’s efforts to provide a cut off for malpractice litigation so as to reduce the cost of health care. For the purpose of this case, the only distinction in the operation of the two statutes of repose for medical malpractice claims is the status of the plaintiff. While there maybe cases when the status of the plaintiff is a salient consideration, this is not one of them. There is simply nothing in the legislative intent and purpose of these statutes that would allow this disparate treatment without frustrating the goals of enacting these statutes of repose. Accordingly, the claims brought by Sharon Judkins against nurse Ann Taylor are subject to the limitations of c. 260, §4.

Statutes of Limitation vs. Statutes of Repose

As noted statutes of limitations are subject to tolling, whereas statutes of repose are an absolute bar to the cause of action once the period has run. Commonwealth v. Owens-Corning Fiberglas Corp., 38 Mass.App.Ct. 600, 602 (1995); James Ferrera & Sons, Inc. v. Samuels, 21 Mass.App.Ct. 170, 173 (1985). Except for exceptions specifically enumerated in the statute, statutes of repose cannot be tolled for any reason. Nett v. BelLucci, 437 Mass. 630, 635 (2002); Protective life Ins. Co. v. Sullivan, 425 Mass. 615, 631, n. 19 (1997); Sullivan v. Iantosca, 409 Mass. 796, 798 (1991); see also Tindol v. Boston Housing Authority, 396 Mass. 515, 518 (1986).
The Tindol court held that a tolling statute affecting G.L.c. 260, §2B, limiting the liability of architects and contractors, only applies to a statute of limitations, and not a statute of repose. The Court found that the “result is entirely consistent with the legislative intent to limit the duration of the liability of architects and engineers.” Id. In Nett, the Court veiy clearly addressed the policy considerations concerning such an absolute prohibition of a cause of action. 437 Mass. 639.
Unlike statutes of limitation, statutes of repose may not be “tolled” for any reason, as “tolling” would deprive the defendant of the certainty of the repose deadline and thereby defeat the purpose of a statute of repose. The only way to satisfy the “absolute time limit” of a statute of repose is to “commence” the action prior to the expiration of that time limit.
Id. at 635. (emphasis added) (internal citations omitted).

*502
Tolling Due to Minority of Plaintiff

The Legislature has a tolling provision for the statute of limitations concerning a medical malpractice claim by a minor. G.L.c. 260, §7. This tolling provision allows parties to delay the filing of their claim based on the plaintiffs minority or mental incapacity. Id. In 1975, however, when Chapter 231, §60D was enacted, this tolling provision was removed. G.L.c. 231, §60D; Plummer, 44 Mass.App.Ct. at 580. Courts do recognize that “statutes of repose barring the claims of injured minors are more likely to cause the loss of valuable and meritorious claims . . .” than claims by adults. Harlfinger, 435 Mass, at 46. The Legislature has spoken clearly, however, when it abolished this tolling provision. The courts have held that “[t]he Legislature may assume ‘that the interest of minors will be protected by their guardians, or by others who are near to them.’ ” Id. at 47, quoting Cioffi v. Guenther, 374 Mass. 1, 4 (1977).

Fraudulent Concealment

The Legislature has codified a tolling provision in cases where a party fraudulently conceals a cause of action. G.L.c. 260, §12. The statute provides, “If a person liable to a personal action fraudulently con-. ceals the cause of such action from the knowledge of the person entitled to bring it, the period prior to the discoveiy of his cause of action by the person so entitled shall be excluded in determining the time limited for the commencement of the action.” Id.
In Sullivan, the Court rejected the claim that the provisions of c. 260, §12 apply to claims under c. 260, §2B. 409 Mass, at 798. Section 2B is a statute of repose that concerns architects and contractors, as opposed to medical malpractice claims. This statute of repose, and the ones at issue in this case, function in a similar manner and have a similar legislative purpose. Compare Plummer, 44 Mass.App.Ct. at 581-82, and Harlfinger, 435 Mass. at 43, with Tindol, 396 Mass, at 517, Owens-Corning Fiberglas Corp., 38 Mass.App.Ct. at 602, and James Ferrera & Sons, Inc., 21 Mass.App.Ct. at 172-73.
Both medical malpractice statutes include an express exception to the statute of repose, i.e., claims for negligence which arises due to the discoveiy of a foreign object left in a body. G.L.c. 231, §60D; G.L.c. 260, §4. If lawmakers intended fraudulent concealment to apply to statutes of repose, it is reasonable to conclude that they would have articulated the exception in the statutory language. “The fact that the Legislature specified one exception . . . strengthens the inference that no other exception was intended.” Protective Life Ins. Co., 425 Mass, at 620, quoting LaBranche v. A.J. Lane & Co., 404 Mass. 725, 729 (1989); General Electric Co. v. Dep’t of Environmental Protection, 429 Mass. at 805-06.
A statute of repose may produce a harsh result because it bars all claims that exceed the time limit of the statute, whether they are meritorious or frivolous. Klein, 386 Mass, at 710, n. 11. These statutes provide an absolute time limit of liability and abolish a plaintiffs cause of action, even if the injury has not occurred or is not discovered before the time limit has expired. Id. at 702. In enacting these statutes, the Legislature must balance the hardship suffered by a potential plaintiff with the purpose which the statute of repose serves. Protective Life Ins. Co., 425 Mass, at 634; Klein, 386 Mass, at 710, n. 11. Indeed, in many cases, the plaintiff, in spite of diligent efforts, fails to discover an injury or harm until the time limit of a statute of repose has expired. In these cases, the statute of repose will bar the plaintiff from pursuing a cause of action. McGuinness, 412 Mass, at 622. While this result may be harsh or even unfair, the Legislature tolerates these inequities to serve the greater purpose and policy underlying these statutes. Protective Life Ins. Co., 425 Mass, at 634; Klein, 386 Mass, at 710, n. 11. The courts are not in a position to question the judgment of the Legislature in striking this balance, as long as the statute is Constitutional. Id. To allow a statute of repose for medical malpractice actions to be tolled, for any reason other than expressly stated in the statute, would defeat the purpose of the statute .described above.
The plaintiffs argue that a special exception to the statute of repose should be allowed in cases where a defendant fraudulently conceals a cause of action for medical malpractice. Just as the discoveiy rule does not toll statutes of repose, Sullivan, 409 Mass, at 798, the statute that enables tolling for fraudulent concealment does not operate to toll the statute of repose. G.L.c. 260, §12 states: “If a person liable to a personal action fraudulently conceals the cause of such action from the knowledge of the person entitled to bring it, the period prior to the discovery of his cause of action by the person so entitled shall be excluded in determining the time limited for the commencement of the action.” (Emphasis added.) The only distinction between the provisions describing the discoveiy rule and fraudulent concealment is whether an intentional affirmative act was taken by a potential defendant to an action. From the plaintiffs perspective, however, the prejudicial effect of the bar to a cause of action is the same. In both cases, an aggrieved party may be prohibited from bringing a claim simply because it is time barred by the statute of repose. It is irrelevant that the failure to bring the action within the statute of repose was through no fault of the plaintiff. Courts recognize that this result may be unfair to potential plaintiffs, but holds fast to the Legislature’s decision. “Notwithstanding compelling equitable considerations, statutes of repose are not tolled.” Nett, 437 Mass, at 646.
It is to be noted that another judge of this Court has held that fraudulent concealment can toll a statute of repose.[6] North Middlesex Regional School District v. Bird, Inc., Civil No. 00192 (Middlesex Super.Ct. December 2, 1998) (Hillman, J.). Judge Hillman expressed concern over the potentially negative policy *503 considerations for allowing a party who fraudulently concealed a cause of action to escape liability, stating that, “[t]o hold that a defendant can be relieved from liability for wrongful or tortious acts by concealing them during the period of repose would provide an incentive for fraud.” Id.
In support of this proposition, the court cites to a Hill v. Fordham, 186 Ga.App. 354, 357-58 (1998), a Georgia case that is discussed in Sullivan v. Iantosca, 409 Mass. 796, 798, n. 3 (1991). The Hill case holds that a statute of repose will not bar a claim when a potentially liable party fraudulently concealed a cause of action from a plaintiff. Hill, 176 Ga.App. at 357-58. In Sullivan, however, the Hill case is contrasted with Stallings v. Gunter, 99 N.C.App. 710, 716 (1990), a North Carolina case which yields the opposite result. Sullivan, 409 Mass, at 798, n.3. A search of the case law indicates disparate treatment of this issue across jurisdictions.[7] For every Hill case, there appears to be a Stallings. See, e.g. Baldwin v. Holliman, 2005 WL 949244, *7 (Miss.App.) (“Fraudulent concealment does not toll a statute of repose”); Reich v. Jesco, Inc., 526 So.2d 550, 553 (Miss. 1988)); but see Bailey v. Tasker, 146 S.W.3d 580, 585 (2004) (fraudulent concealment by a defendant may toll a statute of repose).
This Court concludes that the decision reached in this case is compelled by Massachusetts precedent and the intent of the Legislature of this Commonwealth. Our courts have clearly stated that a statute of repose cannot be tolled for any reason, and our Legislature is willing to tolerate a certain degree of inequity in order to realize the goals behind a statute of repose. Accordingly, this Court finds that fraudulent concealment cannot toll the statute of repose.
Fraudulent Concealment — Fraud and Intentional Misrepresentation
The plaintiffs have also pled separate claims of fraudulent concealment-fraud and intentional misrepresentation against both defendants. To sustain a cause of action for claims such as fraud or misrepresentation, the claim must be pled in the complaint with particularity. Mass.R.Civ.P. 9(b). The purpose of this requirement is to enable the defendants to be warned adequately of the particular actions that constitute the alleged fraud or misrepresentation so that they may prepare their defense. Friedman v. Jablonski, 371 Mass. 482,488-89 (1976). Although details of this alleged malfeasance appear in the pleadings, the court is only permitted to examine the four corners of the complaint when considering a motion to dismiss. Mass.R.Civ.P. 12(b)(6). Accordingly, this Court holds that the claims for fraudulent concealment and misrepresentation, to the extent that they would survive, are not pled with particularity, and accordingly are dismissed without prejudice. Pursuant to their request, the plaintiffs are granted leave to amend the complaint on these counts.

ORDER

For the foregoing reasons, it is hereby ORDERED that defendants Curran and Taylor’s motion to dismiss the negligence and related claims alleged in Counts I, IV, V, VI, VII, X, XI, and XII is ALLOWED. The motion to dismiss the remaining Counts is ALLOWED, without prejudice. The plaintiffs are hereby granted leave to amend the complaint relating to the claims of misrepresentation (Counts II and VIII) and fraudulent concealment (Counts III and IX).

Counts IV and X (damages to Sharon Judkins), Counts V and XI (emotional distress), and Counts VI and XDt (loss of consortium) are all dependent on the claims of negligence.

Middlesex Superior Court Civil Action No. 2001-01334. The action is still pending.

The statute of repose at issue in that case was G.L.c. 260, §2B, the statute concerning architects and contractors.

It is also noteworthy that the duration of statutes of repose for medical malpractice claims varies widely among different jurisdictions. See Harljinger, 435 Mass, at 46.