MacLeod-Mancuso, Bonnie H., J.

INTRODUCTION

The plaintiff, Wei Lee (“Lee”), brought breach of contract, negligence, and wrongful death claims to recover damages sustained by his late wife Jianhua Xu (“Xu”), as a result of defendants Lahey Clinic Medical Center’s (“Lahey”), Nada Samaha, M.D’s (“Samaha”), Michael Thiim, M.D.’s (“Thiim”), Cheiyl Bunting, N.P.’s (“Bunting”), and Alisa Pascale, N.P.’s (“Pascale”) malpractice. This matter is now before the court on two separate motions: Lahey’s and Thiim’s Motion to Dismiss and Samaha’s, Bunting’s, and Pascale’s Motion to Dismiss. For the reasons set forth below, the motions to dismiss with respect to defendants Thiim and Bunting are ALLOWED. Defendants Lahey’s, Samaha’s, and Pascale’s Motions to Dismiss are DENIED.

ALLEGED FACTS

The following are facts as alleged in the plaintiffs amended complaint.[3]
In March 1996, Xu learned that she had contracted Hepatitis B. On May 14, 1996, Xu met with Thiim to discuss her illness. Thiim did not treat her condition at that time because Xu was pregnant, but recommended follow-up care after her child was born and semi-annual surveillance for hepatocellular carcinoma. Thiim recorded notes of this visit in Xu’s Lahey medical records. Xu met with Samaha on June 12, 1996, to discuss Thiim’s evaluation. Xu gave birth to her daughter Kristina on October 19, 1996.
Bunting and Samaha each conducted post-partum examinations ofXu on October 31, 1996, and November 26, 1996, respectively. A year later, on October 31, 1997, Bunting examined Xu. Records from this date
note Xu as a Hepatitis B carrier. Pascale then conducted a comprehensive care visit with Xu on November 20,1998. Xu again met with Samaha on December 15, 1999. Pascale subsequently examined Xu on August 13, 2001, August 26, 2002, and October 3, 2003.
On May 8, 2004, Xu treated at Lahey for nausea, vomiting and weight loss. On June 23, 2004, Xu received biopsy results suspicious for hepatocellular carcinoma. On July 8, 2004, another physician, Dr. Jenkins, diagnosed Xu with advanced metastic nonresectable liver cancer. Dr. Jenkins opined that Xu’s tumor could have been detected earlier by ultrasound examinations. Xu is now deceased.
Lee claims that at all relevant times, the individual defendants knew or should have known of Xu’s condition and Thiim’s recommendations for further treatment, yet failed to take steps to see that she received the necessary follow-up care.
Lee filed a two-count complaint on December 27, 2005, alleging breach of contract and negligence claims against the defendants. He later filed an amended complaint on April 10, 2006, adding a third count for wrongful death.

DISCUSSION

I. Standard of Review

A motion to dismiss should be granted when a party fails to state a claim upon which relief may be granted. Mass.R.Civ.P. 12(b)(6). A court should not grant a motion to dismiss for failure to state a claim, however, unless it appears beyond doubt that the plaintiff can prove no facts to support his or her claim. Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Specifically, “a complaint is sufficient against a motion to dismiss if it appears that the plaintiff may be entitled to any form of relief, even though the particular relief he has demanded and the theory on which he seems to rely may not be appropriate.” Nader, 372 Mass. at 104, citing Janke Constr. Co. v. Vulcan Materials Co., 527 F.2d 772, 776-77 (7th Cir. 1976). The court must accept as true the complaint’s well-pleaded factual allegations and any reasonable inferences in favor of the party whose claims are the subject of the motion. C.M v. R.R., 420 Mass. 220, 221 (1995).

II. The Statute of Limitations

A medical malpractice action must be commenced within three years after the cause of action accrues. G.L.c. 260, §4. An action accrues when the plaintiff learns, or reasonably should have learned, that he or she has been harmed or may have been harmed by the defendant’s conduct. Bowen v. Eli Lilly & Co., 408 Mass. 204, 205-06 (1990). Thus, courts do not require the plaintiff to discover each of the elements of a cause of action, but merely to have sufficient notice of the harm and cause of harm. Id. at 208.
In the instant case, Xu’s action accrued when she learned she had liver cancer on July 8, 2004. Dr. *554 Jenkins further informed her at that time that her tumor could have been detected earlier through periodic ultrasound exams. Lee, as executor ofXu’s estate, filed the current action on December 27, 2005. Therefore, the three-year statute of limitations[4] does not bar Lee’s claims.

III. The Statute of Repose

Section 4 of G.L.c. 260, a statute of repose, establishes a seven-year outer limit within which plaintiffs may bring medical malpractice claims. Rudenauer v. Zafiropoulos, 445 Mass. 353, 354 (2005). Thus, the repose period begins to run from some “definitely established event,” cutting off plaintiffs’ claims even where plaintiffs do not discover the injury until after the statute has run. Nissan Motor Corp. in U.S.A. v. Comm’r. of Revenue, 407 Mass. 153, 158 (1990). Defendants contend this statute bars Lee’s claims because any of the defendants’ acts that might have resulted in Xu’s injuries occurred more than seven years before Lee filed suit. The applicable statute reads in part:
Actions of contract or tort for malpractice, error or mistake against physicians,[5] surgeons, dentists, optometrists, hospitals and sanitoria shall be commenced only within three years after the cause of action accrues, but in no event shall any such action be commenced more than seven years after occurrence of the act or omission which is the alleged cause of the injury upon which such action is based except where the action is based upon the leaving of a foreign object in the body.
G.L.c. 260, §4 (footnote added).
Massachusetts courts have strictly construed this language. Rudenauer, 445 Mass. at 358 (emphasizing Legislature’s clear intent to impose an absolute time limit on malpractice claims); Nissan Motor Corp., 407 Mass. at 158 (stating statute leaves “no room for engaging in judicial construction”). Noting that the Legislature adopted the statute to curb medical malpractice insurance costs and to ensure affordable health care for citizens of the Commonwealth, courts have refused to find exceptions to the seven-year limitation. See Joslyn v. Chang, 445 Mass. 344, 351 (2005) (“We cannot introduce an equitable exception when the Legislature has fastened an ironclad rule”). Thus, the Supreme Judicial Court in Rudenauer refused to find a “continuing treatment exception” to the statute, rejecting the plaintiffs claim that a physician’s negligent acts in 1990 and 1991 followed by an appointment with the same doctor thirty-nine months later constituted ongoing treatment sufficient to toll the repose period. 445 Mass. at 357. The court held that reading the statute as intending an ongoing treatment exception would allow claims in those cases where “an allegedly negligent act or omission [is] followed by further care or responsibility by the same doctor,” thereby undermining the Legislature’s attempt to curtail malpractice litigation'. Id. at 359.
(1) The Claims Against Thiim and Bunting
The statute of repose clearly bars Lee’s claims against Thiim and Bunting. Thiim evaluated Xu on May 14, 1996. Lee alleges Thiim negligently failed to ensure that Xu received follow-up care on or after this date. Similarly, Lee alleges that Bunting negligently failed to provide follow-up care for Xu’s Hepatitis B when she examined Xu on October 31, 1996 and October 31, 1997. Lee’s claims against Thiim and Bunting stem solely from these visits. Allowing the claims against these defendants, therefore, would advance the harms the Rudenauer court sought to remedy by rejecting a continuing treatment exception to the statute. The 1996 and 1997 examinations constitute “definitely established event[s]’’ which start the running of the repose period. See Nissan Motor Corp., 407 Mass. at 158. Lee does not allege, however, that either defendant committed subsequent negligent acts. Therefore, even if this court accepts Lee’s contention that Thiim and Bunting retained continuing responsibility for Xu’s treatment, it cannot find that either defendant performed acts or omissions contributing to Xu’s injuries within seven years of Lee’s suit. Consequently, Lee’s claims against Thiim and Bunting are not timely and are therefore dismissed.
(2) The Claims Against Samaha and Pascale
The claims against Samaha and Pascale present a different issue. Lee argues that each time Samaha and Pascale met with Xu and failed to monitor or treat her Hepatitis condition they committed separate and distinct acts of negligence. Therefore, because the most recent appointments with these two defendants occurred on December 15, 1999, and October 3, 2003, Lee contends his claims clearly fall within the seven-year limit. Lee’s position finds support in Rudenauer, which provides:
The statute of repose, then, bars the plaintiff from proceeding against the defendants based on acts or omissions that were performed or should have been performed prior to August 30, 1994. We recognize that the plaintiff alleges additional negligence after August 30, 1994, for which liability would not be extinguished by the statute of repose (suit was filed August 30, 2001).
445 Mass, at 360 (emphasis added). No decisions have further clarified this language. However, it is apparent that the Rudenauer court did not foreclose the viability of plaintiffs’ claims for subsequent, independent, negligent acts by the same physician. The Rudenauer plaintiff urged the court to accept her claim where the physician’s only negligent act had occurred fourteen years earlier. Here, Lee points to specific, sequential acts or omissions by the defendants that directly caused or contributed to Xu’s injuries.[6] Lee alleges that Samaha and Bunting committed the most recent acts on December 15, 1999, and October 3, 2003. As Lee filed suit on December 27, 2005,1 find that these alleged acts occurred within seven years. I therefore *555 conclude that Lee’s claims against defendants Samaha and Bunting are not barred by G.L.c. 260, §4 and that they withstand a motion to dismiss.
(3) The Claims Against Lahey
Courts often recognize corporate liability for physicians’ negligence. Dias v. Brigham Med. Assocs., Inc., 438 Mass. 317, 323 (2002). It is settled that nurses employed by a hospital are servants of the corporation. Hohenleitner v. Quorum Health Res., Inc., 435 Mass. 424, 432 (2001). It is often disputed, however, whether a physician is an employee of the hospital or an independent contractor. See id. (“[I]n most instances, a physician acts as an independent contractor . .. [but] a physician may be deemed a servant where the hospital controls details of the physician’s physical activities”). To recover against a hospital, plaintiffs must establish that the doctor is an employee of the hospital and that the alleged negligence occurred within the scope of the physician’s employment. Dias, 438 Mass. at 321-22.
Lee alleges that Xu was a patient of Lahey from 1996 until her death. The amended complaint does not establish any relationship between Lahey and the individual defendants, other than to allege that the defendants breached a contract to provide care consistent with Lahey’s standards.[7] A plaintiff, however, must only “surmount a minimal hurdle to survive a motion to dismiss for failure to state a claim.” Bell v. Mazza, 394 Mass. 176, 184 (1985). At this early stage in the proceedings I find that it is not beyond doubt that Lee can prove that Lahey employed the other defendants at the time of the allegedly negligent acts. The defendants may later test the sufficiency of Lee’s theoiy with a motion for summary judgment. See Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 432 (1991) (stating defects in plaintiffs complaint must “await exposure at the summary judgment stage or later”). Therefore, because Lee maintains that the most recent negligent act occurred on October 3, 2003, the statute of repose does not bar his claim against Lahey.

TV. Lee’s Breach of Contract Claim

Lee contends that the defendants breached their contractual duty to provide Xu with a level of care consistent with Lahey’s policies and accepted standards in the Boston medical community. Massachusetts courts permit plaintiffs to recover breach of contract damages where a doctor expressly promises certain results. See Sullivan v. O’Connor, 363 Mass. 579, 583 (1973) (permitting contract actions based on express promises, but requiring “clear proof’). In the absence of an express promise to bring about a specific medical result, however, actions for the breach of implied contracts not to commit malpractice do not survive. See Gabrunas v. Miniter, 289 Mass. 20, 21 (1935) (finding no implied or express contract to provide care “carefully and skillfully”). These claims are more appropriately expressed in terms of the physician’s tort duty.[8] Because the standard Lee sets forth in count one essentially describes the tort duties physicians owe their patients, and because he has not proved the existence of any express or implied contract, I dismiss count one of Lee’s amended complaint as to the remaining defendants.

V. Lee’s Negligence Claim

Lee alleges in count two of his amended complaint that Lahey and the individual defendants negligently and carelessly treated Xu. A plaintiff alleging medical malpractice must prove a duty owed to the patient and that a physician breached this standard, causing the patient’s injuries. Palandjian v. Foster, 446 Mass. 100, 104 (1989). A physician owes a patient a duty to provide medical treatment with the degree of care and skill of the average qualified physician in his or her area of specially. Brune v. Belinkoff, 354 Mass. 102, 109 (1968). The individual defendants urge that because Lee only alleges negligence against Lahey in his original complaint, Lee has failed to prove any duty owed by them. However, the amended complaint clearly identifies each individual defendant and his or her allegedly negligent conduct. Therefore, the motion to dismiss Lee’s claim of negligence must be denied.
VT. Lee’s Wrongful Death Claim
Count three asserts a claim for wrongful death pursuant to G.L.c. 229, §2.[9] I find that the amended complaint contains facts sufficient to state a claim that the defendants’ allegedly negligent acts caused Xu’s death. Accordingly, this claim survives dismissal.

ORDER

It is therefore ORDERED that Thiim’s and Bunting’s Motions to Dismiss be ALLOWED, and that Lahey’s, Samaha’s, and Pascale’s Motions to Dismiss be DENIED as to counts two and three.

The defendants filed their motions to dismiss before Lee filed his amended complaint on April 10, 2006. Some of the changes reflected in the amended pleading rectify issues raised by the defendants in their motions. This decision is based on claims and facts as set forth in the amended complaint. Because this court held a hearing on the motions to dismiss on June 20, 2006,1 assume that the defendants responded to Lee’s amended complaint in their arguments.

The three-year statute of limitations similarly applies to Lee’s claims for wrongful death and negligence under the wrongful death statute, G.L. 229 §2.

See Chace v. Curran, Civil No. 2004-02290 (Middlesex Super.Ct. June 14, 2005) (Fishman, J.) (19 Mass. L. Rptr. 498) (noting nurses are subject to the same limitations of G.L.c. 260, §4 as physicians).

The amended complaint reads:
47. As of December 15,1999, and thereafter, the defendant Samaha failed to provide follow up care, and failed to *556 ensure that the plaintiff, Ms. Xu received the followup care that she needed due to the Hepatitis B.
58. On October 3, 2003, and thereafter the defendant Pascale failed to ensure the plaintiff, Ms. Xu received the follow-up care needed for her Hepatitis.

Is this enough for Lee’s claim against Lahey to survive?

See Restatement (Second) of Torts §299A, cmt. (c) (1965). The comment states: “In the ordinaiy case, the undertaking of one who renders services in the practice of a profession or trade is a matter of contract between the parties, and the terms of the undertaking are either express or implied as a matter of understanding. The rule here stated, [regarding one’s professional undertaking] does not, however, depend upon the existence of an enforceable contract between the parties.”

The statute reads: “A person who (1) by his negligence causes the death of a person, or (2) by willful, wanton or reckless act causes the death of a person under such circumstances that the deceased could have recovered damages for personal injuries if his death had not resulted . . . shall be liable in damages.”