Connolly, Thomas E., J.
This civil action was commenced here in Suffolk Superior Court on September 4, 2009 by USA Consolidated Travel Group, d/b/a USA Student Travel (“Student Travel’j against Johnny W. Floyd, Jr. (“Floyd, Jr.”) and Fidelity Investments (as a trustee defendant).
The crux of the plaintiffs Complaint is that the plaintiff “Student Travel” is a tour operator engaged in the business of arranging student tours to Hawaii, Mexico, the Caribbean and throughout the United States. The defendant, Floyd, Jr. was a travel agent within the state of Hawaii operating by and through various entities.
The underlying case was brought by the plaintiff, “Student Travel,” against Floyd, Jr. in the First Circuit Court of Hawaii for a breach of contract and unjust enrichment. The claim alleged that First Student provided tour services for travel clients of Floyd, Jr. and was expecting to be paid for providing those services by Floyd, Jr. However, Floyd, Jr. did not pay First Student for said services. The First Circuit Court of Hawaii entered judgment for First Student in the amount of $339,192.67. To date, Floyd, Jr. has failed, in whole or in part, to satisfy said judgment. From approximately the time of the final judgment in Hawaii, to the present, Floyd, Jr. and $250,000 have been on the run, “bobbing and weaving” First Student all the way.
First Student discovered assets under the name of John W. Floyd at Fidelity Brokerage Services, LLC and Fidelity Management Trust Company (“Fidelity”) here in Boston. After receiving further information, it was determined that the Fidelity funds were in the name of Floyd, Sr. the father of Floyd, Jr. First Student in turn sought leave to file an Amended Complaint, which leave was granted, alleging that Floyd, Jr. is concealing monies in his father’s Fidelity accounts and “at precisely the time the underlying complaint was brought against Floyd, Jr. in Hawaii... a large deposit was made into the Fidelity account.”
The defendant’s father, John W. Floyd, Sr. sought and was granted intervenor status and was given leave to file an intervenor complaint.
On February 16, 2010, the defendant, Floyd, Jr. filed a Motion to Dismiss or for summary judgment which, inter alia, asserted lack of personal jurisdiction over Floyd, Jr. which motion came on for hearing before another justice of this Court on May 4, 2010. The Court issued a seven-page opinion ruling that there were sufficient contacts to find Floyd, Jr. subject to personal jurisdiction in Massachusetts.
The defendant, Floyd, Jr. sought, pursuant to Ch. 231, §118 (first paragraph) a review by the Appeals Court Single Justice on the Court’s action on the motion to dismiss for lack of personal jurisdiction over the defendant, Floyd, Jr.
The Appeals Court Single Justice does have limited jurisdiction under Mass.R.App.R 15(c) as follows:
... a single justice may entertain and may grant or deny any request for relief which under these rules may properly be sought by motion, except that a single justice may not dismiss or otherwise determine an appeal or other proceeding.
What has happened here, is that the Single Justice of the Appeals Court reviewed the court’s decision on jurisdiction, wrote an opinion reversing the court’s decision on jurisdiction and has remanded the case back to the Superior Court for the entry of an order of dismissal on the plaintiffs claims against Floyd, Jr. Such an order is determinative of the case against Floyd, Jr. and is the equivalent of dismissing the case. The Single Justice had the option of reporting the case so the jurisdictional claims could have been heard by a three-judge panel, but that was not done.[2]
This Court held a status hearing on this case on September 29, 2010. Counsel for Floyd, Jr. was requesting an order of dismissal be entered dismissing Floyd, Jr. from this case pursuant to the Appeals Court Single Justice order. This Court explained to counsel what the Court thought was the problem with the Single Justice’s Order, as stated above and wanted to give the plaintiff the opportunity to determine if the plaintiff wished to take an appeal from the Single Justice’s Order to the full Appeals Court. See: *555 Mass.R.App.P. 15(c) (“The action of a single justice may be reviewed by the appellate court”).[3]
This Court has reviewed the Superior Court and Appeals court dockets in this case and has determined that no action has been taken to appeal the order of the Single Justice of the Appeals Court. Accordingly, following the Appeals Court order, this Court will enter an order of dismissal as to Floyd, Jr. only.
ORDER
The defendant, Johnny W. Floyd, Jr.’s Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Mass.R.Civ.P. 12(b)(2) is ALLOWED as to Johnny W. Floyd, Jr., ONLY.

 See also: Albano v. Bonanza International Development Co., 5 Mass.App.Ct. 692 (1977) (“A single justice of this Court is without power to allow a motion to dismiss an appeal. See MassR.App.P. 15(c)”]. Here, the Single Justice made findings, discussed the law, decided that there was no personal jurisdiction in Massachusetts over Floyd, Jr., issued an order vacating the Superior Court Judge’s decision that there was jurisdiction in Massachusetts, and remanded the case back to the Superior Court with the order defacto to dismiss the plaintiffs claim against Floyd, Jr. (“The order denying the defendant’s motion to dismiss for lack of personal jurisdiction is accordingly vacated, and the matter remanded for reconsideration consistent with this order”). The Single Justice’s order is outcome determinative. Here the Single Justice alone and not a three judge panel has decided this case by the finding of no jurisdiction. The powers of amendment of the Court below . . . and . . . power to render any judgment and to make any order that ought to have been made in the whole case . . . rests solely with ’’three justices who constitute a quorum to decide all matters to be heard by the Appeals Court. G.L., ch. 211A, §3. A single justice may not . . . determine an appeal." Pemberton v. Pemberton, 9 Mass.App.Ct. 809-10 (1980).

 There is a question in this Court’s mind when a party such as the plaintiff “Student Travel" may or could appeal the Order of the Single Justice to a three judge panel of the Appeals Court, Mass.RApp.P. 15(c) provides that “(T]he action of the Single Justice may be reviewed by the Appellate Court.” However, the question arises as to when it is appeal-able. Until and if the trial judge makes a finding under Mass.RCrim.P. 54(b) that there is no just reason to delay entry of final judgment and orders that final judgment enter, the order remains interlocutory in nature. Commonwealth v. Owens-Coming Fiberglass Corp., 38 Mass.App.Ct. 600, 601 n.3 (1995). On the other hand, all that will remain pending when the Court dismisses this action against Floyd, Jr., would be Floyd, Sr.’s Intervenor Complaint, which appears to have been mooted on the dismissal of the case-in-chief against Floyd, Jr.